A91A0605. TURNER v. KITCHINGS.
(406 SE2d 280)

CARLEY, Judge.

Alleging a claim for legal malpractice, appellant-plaintiff filed suit against appellee-defendant. Appellee answered and subsequently moved for summary judgment, relying upon his own affidavit wherein he averred that his "degree of care and diligence in the handling of the case for [appellant] was that degree of care and skill customarily employed by attorneys under the same conditions and like surrounding circumstances." After conducting a hearing, the trial court granted summary judgment in favor of appellee and appellant appeals from that order.

Appellee's own affidavit was sufficient to shift the evidentiary burden to appellant and, if insufficiently opposed, it authorized the grant of summary judgment in appellee's favor. See *Kellos v. Sawilowsky*, 254 Ga. 4 (325 SE2d 757) (1985). In opposition to appellee's motion, appellant relied entirely upon the expert affidavit that had been attached to his complaint. However, an affidavit which satisfies the *pleading* requirements of OCGA § 9-11-9.1 will not necessarily satisfy the *evidentiary* requirements of OCGA § 9-11-56. Unlike OCGA § 9-11-56, "[n]othing in the affidavit requirements in OCGA § 9-11-9.1 demands that the standard of care be set forth, that a plaintiff's expert state he is familiar with the appropriate standard of care, or that the affiant detail the manner in which the defendant deviated from that standard." *0-1 Doctors Memorial Holding Co. v. Moore*, 190 Ga. App. 286, 287 (1) (378 SE2d 708) (1989). Assuming, without deciding, that the expert affidavit that was attached to appellant's complaint was sufficient to satisfy the pleading requirements of OCGA § 9-11-9.1, it was not otherwise sufficient to satisfy the above-noted evidentiary requirements of OCGA § 9-11-56. "[A] malpractice plaintiff as respondent on summary judgment cannot prevail on the motion, where the defendant by the content of his expert affidavit has carried his burden of proof, merely by presenting a conclusory opinion that the defendant was negligent or failed to adhere to professional standards of conduct without stating the parameters of such conduct and

the particulars of the defendant's deviation therefrom. . . ." *0-1 Doctors Memorial Holding Co. v. Moore,* supra at 287 (1). Since, in opposing appellee's motion, appellant did not meet his burden, it follows that the trial court correctly granted summary judgment in favor of appellee. See generally *Humphrey v. Alvarado,* 185 Ga. App. 486, 487 (2) (364 SE2d 618) (1988); *Loving v. Nash,* 182 Ga. App. 253, 255 (1) (355 SE2d 448) (1987).

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED JUNE 4, 1991.

*John V. Lloyd,* for appellant.
*Richard D. Phillips,* for appellee.