A91A0978. FLOWERS v. ARMSTRONG et al.
(414 SE2d 672)

COOPER, Judge.
This appeal arises out of a medical malpractice action brought by appellant against appellees, Ned B. Armstrong, M.D. ("Dr. Armstrong") and his professional corporation. Appellant alleged in her action that surgery performed on her on May 4, 1988 by Dr. Armstrong was unnecessarily and negligently performed and she appeals from the trial court's grant of summary judgment to appellees.

Appellant's sole enumeration of error is that the trial court erred in granting summary judgment to Dr. Armstrong because genuine issues of material fact existed. The record reflects that appellant suffered an on-the-job injury in October 1987 and began a conservative course of treatment with Dr. Hal Tobias. When appellant's condition did not improve, Dr. Tobias referred appellant to Dr. Armstrong in

April 1988 for possible surgical intervention. Dr. Armstrong treated appellant for approximately three weeks and then recommended surgery which he performed on May 4. 1988. Following the surgery, appellant developed urological problems which she alleges were the direct and proximate result of Dr. Armstrong's negligence in performing the surgery. Appellees filed a motion for summary judgment and attached the affidavit of Dr. Armstrong which set forth his course of treatment for appellant prior to his recommendation of surgery, including appellant's failure to respond to conservative methods of treatment. Dr. Armstrong's affidavit also detailed the specific findings which indicated the need for surgery and described the surgery performed and the findings during surgery which confirmed his preoperative diagnosis. In addition, Dr. Armstrong stated in his affidavit that in his care and treatment of appellant, he at all times exercised the appropriate standard of care and that her problems following surgery were recognized complications of the surgery which can occur in the absence of negligence. In opposition to appellees' motion for summary judgment, appellant submitted the affidavit of Dr. Edwin Season ("Dr. Season") who stated that he reviewed the hospital records from appellant's hospital stay between May 4, 1988 and May 14, 1988, the office records of Dr. Tobias, and the office records of three other physicians who examined appellant at different times following her surgery. Dr. Season stated in his affidavit that in his opinion the standard of care in the community generally required that surgery not be performed without documentation that appellant was suffering from a condition which could be cured by surgical intervention and that, based upon earlier orthopedic evaluations performed on October 30, 1987 and December 2, 1987, there was no indication of any condition that could have been adequately treated by surgical intervention. Dr. Season also stated that the standard generally exercised by the medical profession required that Dr. Armstrong perform a more conventional type of surgery than in fact performed, therefore, Dr. Armstrong did not comply with the standard in the medical community generally because the surgery performed unnecessarily exposed appellant to additional tissue trauma. The trial court found that Dr. Season's affidavit lacked the requisite factual basis in that it failed to reflect that Dr. Season reviewed the office records of Dr. Armstrong, the affidavit of Dr. Armstrong, or the deposition testimony of Dr. Armstrong.

"There are two steps in evaluating the legal sufficiency of an expert counter-affidavit. [Cit.] First, the counter-affidavit must establish 'the parameters of acceptable professional conduct.' [Cit.] Secondly, it must set forth specific facts as the basis for reaching the conclusion that treatment did not meet the standard of care. [Cits.] This two-step process assures that counter-affidavits contain the particulars of

negligence, instead of conclusory language. [Cit.]" *Kirk v. Ashley*, 199 Ga. App. 805, 807 (3) (406 SE2d 82) (1991). While the standard of care set forth by Dr. Season is somewhat inartfully stated in his affidavit, we are bound on summary judgment to resolve all inferences, ambiguities and doubts in favor of the party opposing the motion, in this case appellant. *Kirk v Ashley*, supra. Construing Dr. Season's affidavit in the light most favorable to appellant, Dr. Season has alleged that the standard of care was not met because, based upon his review of certain medical records, there was no objective medical evidence which indicated that surgery was necessary, and in any event, even if the pre and post operative diagnoses were supported by documentation, the surgery should have been of a more conservative nature. "That the [affidavit was] not based on the *complete* records of [appellant], or even on all of the salient records, does not render the [affidavit] fatally deficient. . . . It would merely make the opinion subject to impeachment on cross-examination at trial, thus affecting the weight of the opinion rather than its admissibility." *Connell v. Lane*, 183 Ga. App. 871, 873 (360 SE2d 433) (1987). The trial court relied on *Bushey v. Atlanta Emergency Group*, 179 Ga. App. 827, 829 (348 SE2d 98) (1986). In that case, the two defendant physicians submitted affidavits describing in detail their course of treatment of the plaintiff. Plaintiff's experts submitted affidavits stating that based on their review of certain medical records, the defendant physician's actions fell below the applicable standard of care. We held that the opinions of the plaintiff's experts were "merely 'explicit conclusory pronouncements' " and that in a medical malpractice case, "when a motion for summary judgment is made and supported by affidavit which sets forth specific facts about the doctor's performance of the involved medical activity, the plaintiff must offer similar factual evidence in opposition in order to avoid grant of the motion. [Cit.]" Id. at 829. We cannot conclude that Dr. Season's affidavit is a mere "conclusory pronouncement." " ' "Summary judgments should only be granted where, construing *all* inferences against the movant, it yet appears without dispute that the case can have but a single outcome." (Emphasis supplied.)' " *Jackson v. Gershon*, 251 Ga. 577, 580 (308 SE2d 164) (1983). Dr. Season's affidavit was sufficient to create a question of fact as to whether the surgery performed by Dr. Armstrong was necessary or negligent. Accordingly, the trial court erred in granting summary judgment to Dr. Armstrong.

*Judgment reversed. Birdsong, P. J., and Pope, J., concur.*

DECIDED DECEMBER 19, 1991 —
RECONSIDERATION DENIED JANUARY 10, 1992 —

*Blank & Associates, A. Russell Blank*, for appellant.
*Love & Willingham, John A. Gilleland, Michael J. Hannan III*, for appellees.