A92A1637, A92A1640. AUGUSTINE et al. v. FRAME; and vice versa.
(425 SE2d 296)

POPE, Judge.

On September 24, 1987, Chef Richard P. Augustine received physical therapy for his fractured arm from Marty Frame, a licensed physical therapist. After performing the exercise portion of Augustine's therapy, Frame left for lunch and instructed a physical therapy aide to administer electrical stimulation treatment to Augustine's

arm. Frame testified during her deposition that she asked another licensed physical therapist, whom she knew would remain in the office during Frame's lunch break, to cover for her. While the aide was in the process of setting up Augustine to the machine used to administer the electrical stimulation treatment, Augustine allegedly received an electrical shock of such force that the metal pins placed in his elbow were bent and broken, requiring Augustine to undergo a second surgery and additional therapy to correct the problem.

Augustine and his wife filed a complaint alleging medical malpractice against Frame and other parties. Frame moved for summary judgment and the trial court granted her motion. In Case No. A92A1637, the plaintiffs appeal the grant of summary judgment in favor of Frame. In Case No. A92A1640, Frame cross-appeals against plaintiffs claiming the trial court erred in limiting its grant of Frame's motion for summary judgment to its finding that Augustine's expert's affidavit was defective.

## Case No. A92A1637

1. We hold the trial court correctly found that plaintiffs' expert's affidavit was insufficient in this case. In support of her motion for summary judgment, Frame submitted her own affidavit in which she stated her opinion that she had fully met and exceeded the standards of diligence and care which physical therapists of ordinary skill and capacity commonly possess and exercise in the State of Georgia and in the profession in general in her care of Augustine. She further averred that her opinion was based upon her review of the facts of this case and her treatment of Augustine.

In opposition to Frame's motion for summary judgment, plaintiffs filed the affidavit of their expert. The affidavit of plaintiffs' expert states in pertinent part: "All of the information of this Affidavit is based upon my personal knowledge and examination of the documents, medical records and pleadings pertaining to the refracture of Plaintiff Richard P. Augustine's right arm on or about September 24, 1987." OCGA § 9-11-56 (e) requires that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Nothing was attached to the affidavit. However, "[a]n affidavit need not attach material upon which it is based if that material is part of the record in the case and is before the trial court, provided that the affidavit clearly identifies the record matter upon which it is based." *Jones v. Rodzewicz*, 165 Ga. App. 635, 637 (302 SE2d 402) (1983). The trial court correctly concluded that the plaintiffs' expert's affidavit was deficient because the documents the expert relied upon to form his opinion were neither attached to the affidavit nor were they specifically identified in the affi-

davit.[1] *Landers v. Ga. Baptist &c.*, 175 Ga. App. 500-501 (1) (333 SE2d 884) (1985). See also *Watson v. Ga. State &c.*, 201 Ga. App. 761 (1) (412 SE2d 286) (1991); cf. *Hall v. Okehi*, 194 Ga. App. 721 (391 SE2d 787) (1990) and *Hughey v. Emory Univ.*, 168 Ga. App. 239 (308 SE2d 558) (1983) (in which the affidavits in question stated specifically which documents in the records the experts relied upon in forming their opinions); *Jones*, 165 Ga. App. 637 (in which the affidavit in question stated that it relied in part on the other party's affidavit). In an action for medical malpractice the affidavit of the defendant stating that her care met the appropriate standard of care entitles the defendant to summary judgment if that opinion is not countered by the opinion of another expert. *Hall*, 194 Ga. App. at 723 (2). Because plaintiffs' expert's affidavit was insufficient for the reasons set forth above, the trial court correctly granted Frame's motion for summary judgment.

*Case No. A92A1640*

2. Our holding in Division 1 makes it unnecessary to address Frame's enumeration of error in this cross-appeal.

*Judgments affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 9, 1992 —
RECONSIDERATION DENIED NOVEMBER 18, 1992

*Beltran & Coffey, Frank J. Beltran, Simone R. Siex*, for appellants.

*Tittsworth & Grabbe, John C. Grabbe IV*, for appellee.

[1] It is undisputed that plaintiffs' expert did not personally examine Augustine. Cf. *Hayes v. Murray*, 252 Ga. 529 (314 SE2d 885) (1984).