## A93A0076. HAILEY v. BLALOCK.
(433 SE2d 337)

Beasley, Presiding Judge.

In August 1991, Blalock sued her dermatologist, Dr. Hailey, for medical malpractice. She alleged that in August 1989 she had sought treatment from the defendant regarding a small hole on the right side of her nose located on the same spot where on two previous occasions he had removed a basal cell carcinoma; defendant was apprised of the hole by plaintiff, yet he performed no treatment whatsoever and stated that there was nothing to worry about; plaintiff subsequently sought treatment from another physician, who performed a biopsy in March 1991 and determined that the hole was in fact a basal cell carcinoma; it required radical surgery to her face, permanently disfiguring her.

Two days before expiration of the statute of limitation, plaintiff filed her complaint without attaching the affidavit required by OCGA § 9-11-9.1. Pursuant to subsection (b), she stated in the complaint that she would file the affidavit within 45 days. On the 44th day, she moved for an extension of time, which was opposed by defendant.

Plaintiff amended her motion by filing the affidavit of Dr. Moore, a medical doctor whose practice focuses on general and thoracic surgery. It recited: he had reviewed certain medical and photographic records; defendant had treated plaintiff for a basal cell carcinoma at the paranasal fold next to the right side of her nose; she had desiccantion by cautery and curettage in 1964, 1969, 1978, and 1987; with that history available in his records, and with findings that are undoubtedly suspicious of recurrence, defendant failed to determine whether the tumor was still present or not in 1989; defendant failed to meet the standard of care and skill used by similarly situated physicians under similar conditions and like surroundings, by failing to take proper action to treat the lesion; as a result, plaintiff was subject to extensive disfiguring surgery which could have been avoided.

Defendant moved to dismiss under OCGA § 9-11-9.1 or, alternatively, for summary judgment under OCGA § 9-11-56. As support, he filed his own affidavit in which he stated that he had first seen plain-

tiff in 1961 when he treated her for several actinic keratoses on her face and wrist; he had seen her on numerous subsequent occasions in the 1960s and 1970s for dermatological care and treatment; he examined her in 1987, 1988, and 1989; in his opinion, the care and treatment rendered by him to plaintiff conformed in all respects to that reasonable degree of care and skill observed by physicians generally under like conditions and similar circumstances; no act or omission on his part caused or contributed in causing any injury or damage allegedly sustained by plaintiff.

At a hearing on the parties' motions, defendant argued that Dr. Moore's affidavit was insufficient under both OCGA §§ 9-11-9.1 and 9-11-56, because it was not shown that Dr. Moore is a qualified expert; no certified medical records or other material referred to by Dr. Moore in the affidavit were attached to the affidavit; the affidavit failed to establish the parameters of acceptable conduct or the particulars in which defendant's treatment of plaintiff was negligent. Plaintiff conceded that the records were not attached but stated that defendant's affidavit was merely conclusory and no records were attached to his affidavit either. The court took the case under advisement and gave plaintiff additional time to reply to defendant's supplemental brief.

Along with plaintiff's reply brief she filed another affidavit executed by Dr. Moore, essentially the same as his earlier affidavit but with medical records attached. Defendant moved to strike the affidavit on grounds that, inter alia, it was untimely in that it was not filed before the summary judgment hearing and plaintiff had only been given permission to file a reply brief.

The court granted the motion to strike and granted plaintiff's motion for an extension, allowing Dr. Moore's first affidavit (sans medical records) to be considered. The court also denied defendant's motion to dismiss or alternatively for summary judgment, finding genuine issues of material facts. An interlocutory appeal was permitted.

1. An affidavit which satisfies the pleading requirements of OCGA § 9-11-9.1 will not necessarily satisfy the evidentiary requirements of OCGA § 9-11-56. *Turner v. Kitchings*, 199 Ga. App. 860 (406 SE2d 280) (1991). The concern here is with the latter, for if the affidavit cannot survive summary judgment, then its sufficiency for the threshold compliance will be moot.

2. "The standard of care owed by a physician in the care and treatment of his patient is that degree of care and skill and diligence ordinarily employed by the profession generally. [Cit.] The law presumes that the physician has performed in a skillful manner, and the burden is on the plaintiff-patient alleging malpractice to show a lack of due care, skill, and diligence. 'Expert testimony is (usually)

required in order to overcome the presumption of care, skill, and diligence. (Cit.)' [Cit.]" *Hyles v. Cockrill,* 169 Ga. App. 132, 138 (10) (312 SE2d 124) (1983).

"To be sufficient to controvert the defendant's expert opinion and create an issue of fact, the plaintiff's expert must base his opinion on medical records which are sworn or certified copies, or upon his own personal knowledge; and he must state 'the particulars in which the defendant's treatment of the plaintiff was negligent.' [Cits.]" (Emphasis deleted.) *Loving v. Nash,* 182 Ga. App. 253, 255 (1) (355 SE2d 448) (1987).

"OCGA § 9-11-56 (e) requires sworn or certified copies of all documents referred to in an affidavit to be attached to the affidavit. An expert affidavit is insufficient to oppose a motion for summary judgment if the documents on which the affiant relies in forming his opinion are not certified or sworn, even if unsworn copies are attached to the affidavit. [Cits.]" *Johnson v. Srivastava,* 199 Ga. App. 696, 697 (1) (405 SE2d 725) (1991).

This "arises out of the hearsay nature of the records or documents relied upon. [Cits.] If the plaintiff's expert's opinion be not based upon matters of record or certified medical documents, he may base his opinion upon personal knowledge of the facts of the case, if he has any. The requirement that a plaintiff's expert opinion be based on certified medical records or matters of record, or based on personal knowledge of the facts, responds to the question of hearsay as the foundation for an opinion, and conforms to the rule that mere conclusions are not sufficient to create issues of fact. [Cit.] But in either case, the plaintiff cannot prevail on motion for summary judgment by merely presenting a conclusory opinion that defendant was negligent or failed to adhere to the professional standard. [Cit.] She must state the particulars. She must establish the parameters of the acceptable professional conduct and set forth how or in what way the defendant deviated therefrom. [Cits.]" (Emphases deleted.) *Loving,* supra at 255.

Plaintiff's expert charged defendant with professional negligence in failing to diagnose and treat the basal cell carcinoma in 1989. Unlike the alleged negligence in *Loving,* supra, this allegation of negligence was stated with sufficient particularity. However, like *Lance v. Elliott,* 202 Ga. App. 164 (413 SE2d 486) (1991), but unlike *Flowers v. Armstrong,* 202 Ga. App. 467 (414 SE2d 672) (1991), plaintiff's expert affidavit was not based on personal knowledge of the affiant or matters of record, but rather on medical records and other documents that were not attached to the affidavit, much less sworn or certified. Like *Johnson,* supra, and *Lance,* supra, but unlike *Jones v. Rodzewicz,* 165 Ga. App. 635, 636 (3, 4) (302 SE2d 402) (1983), the facts upon which plaintiff's expert based his opinion concerning de-

fendant's treatment of plaintiff were not sufficiently before the trial court in some other form. Consequently, plaintiff's affidavit lacks probative value and was insufficient to oppose defendant's motion for summary judgment and create an issue of fact for trial. *McClure v. Clayton County Hosp. Auth.*, 176 Ga. App. 414, 417 (2) (336 SE2d 268) (1985).

3. Plaintiff argues, for the first time on appeal, that this case involves extreme circumstances in which the error of judgment or result of treatment was so gross, and the negligence so clear and palpable, that she could meet her evidentiary burden without producing expert testimony.

The exception she alludes to covers instances such as "where a leg or limb which has been broken is shorter than the other after such treatment, or where a doctor undertakes to stitch a wound on his patient's cheek, and, by an awkward move, thrusts his needle into the patient's eye. . . ." *Shea v. Phillips*, 213 Ga. 269, 271 (2) (98 SE2d 552) (1957). But "[w]hat is the proper method of diagnosing a case is a medical question to be testified to by physicians as expert witnesses." *Pilgrim v. Landham*, 63 Ga. App. 451, 454-455 (3) (11 SE2d 420) (1940); see *Myers v. Johnson*, 113 Ga. App. 648, 659 (2) (149 SE2d 378) (1966).

Failure of the defendant-physician to diagnose the recurrence of a basal cell carcinoma on the patient's nose because of a hole in her nose did not, without more, constitute a gross error of judgment or clear and palpable negligence.

*Judgment reversed. Cooper and Johnson, JJ., concur. Smith, J., disqualified.*

DECIDED JUNE 16, 1993 —
RECONSIDERATION DENIED JULY 8, 1993.

*Long, Weinberg, Ansley & Wheeler, Roger Mills, Glenn E. Kushel, Robert G. Tanner*, for appellant.
*Lovett & Hicks, L. Robert Lovett, William E. Hicks*, for appellee.