## A99A1637. HERNDON v. AJAYI.
### (532 SE2d 108)

MILLER, Judge.

If a physician fails to inform a patient that as a result of a medical procedure a stent was left in him and fails to call the patient when the patient does not keep an after-care appointment to remove the stent, do the physician's actions fall into the category of professional negligence or the category of ordinary negligence? We conclude that these actions fall into the category of professional negligence, and we hold that plaintiff's failure to submit appropriate expert testimony to rebut defendant-physician's expert affidavit justified summary judgment in favor of defendant.

In November 1994, Dr. Rex Ajayi treated Ronald Herndon to remove a large renal stone. The size of the stone required that Dr. Ajayi implant a stent inside Herndon's left ureter. Herndon then underwent shockwave lithotripsy to crush the stone. The stent remained in place after the procedure. Herndon began experiencing weight loss, blood in his urine, and intense pain. In April 1995, Herndon sought help from another physician, who discovered and removed the stent.

Herndon sued Dr. Ajayi for negligence, claiming the physician deviated from the proper standard of medical care by allowing the stent to remain in place for five months. Dr. Ajayi moved for summary judgment, submitting his own affidavit that his treatment of Herndon's renal stone called for the implant and that he further ordered a follow-up appointment during which he planned to remove the stent. Dr. Ajayi testified that Herndon failed to keep the appointment and failed to reschedule it. Referencing his expertise, Dr. Ajayi concluded that at all times during his treatment of Herndon, he exercised that degree of care, skill, and diligence generally employed by the medical profession in Georgia.

Herndon countered with his own affidavit that he was never informed that there was a stent left in his body which had to be subsequently removed. He testified that he did not know of the follow-up

appointment and that no one contacted him to inquire as to why he failed to keep the appointment. Herndon also submitted an affidavit from a physician who opined that Dr. Ajayi had deviated from proper standards of medical care. The trial court found the affidavit of Herndon's expert insufficient to rebut Dr. Ajayi's medical testimony and granted summary judgment to Dr. Ajayi.

1. On appeal, Herndon does not argue or enumerate as error that the trial court erred in finding his expert's affidavit insufficient, and therefore we need not address whether the trial court was correct in this regard.[1] Nevertheless, we note that Herndon's expert based his opinion on medical records that were not attached to the affidavit nor otherwise made a part of the record. As such, the affidavit was deficient and lacked probative value.[2]

2. Georgia law is clear that in an action for medical malpractice the defendant-physician's affidavit that his care met the appropriate standard of care entitles him to summary judgment if that opinion is not countered by the opinion of another expert.[3] Seeking to distinguish his case, Herndon argues that he does not complain of the medical procedure or professional services rendered but rather complains that Dr. Ajayi was negligent in not informing him of the significance of keeping the follow-up appointment and in failing to contact him afterwards. Characterizing his claim as ordinary negligence rather than medical malpractice, Herndon contends that his affidavit testimony alone sufficed to oppose summary judgment.[4]

We disagree with Herndon's characterization of the alleged misconduct. Whether an act or omission sounds in simple negligence or medical malpractice depends on whether the conduct, even if supervisory or administrative, involved a medical judgment.[5] Because determining and providing adequate care following a stent implant and shockwave lithotripsy involve "decisions which normally require the evaluation of the medical condition of a particular patient and, therefore, the application of professional knowledge, skill, and experience,"[6] Herndon's claim is an action for medical malpractice. As Herndon failed to oppose Dr. Ajayi's affidavit by appropriate expert

---

[1] See *State v. Kaylor*, 234 Ga. App. 495 (507 SE2d 233) (1998).

[2] See OCGA § 9-11-56 (e); *Hailey v. Blalock*, 209 Ga. App. 345, 347 (2) (433 SE2d 337) (1993); *Augustine v. Frame*, 206 Ga. App. 348, 349 (1) (425 SE2d 296) (1992); *Nettles v. Laws*, 172 Ga. App. 241, 242 (322 SE2d 546) (1984).

[3] *Payne v. Golden*, 245 Ga. 784 (267 SE2d 211) (1980); *Augustine*, supra, 206 Ga. App. at 350 (1); *Hall v. Okehi*, 194 Ga. App. 721, 723 (2) (391 SE2d 787) (1990).

[4] See *Dent v. Mem. Hosp. of Adel*, 270 Ga. 316, 318 (509 SE2d 908) (1998) (ordinary negligence need not be shown by expert testimony); *Hillhaven Rehabilitation &c. v. Patterson*, 195 Ga. App. 70, 71-72 (2) (392 SE2d 557) (1990).

[5] *Gen. Hosp. of Humana v. Bentley*, 184 Ga. App. 489, 490-491 (361 SE2d 718) (1987).

[6] *Dent*, supra, 270 Ga. at 318.

testimony, summary judgment was proper.[7]

3. Herndon mentions in his appellate brief that no expert testimony is required where the professional negligence is clear and palpable,[8] but he does not argue that the negligence here was clear and palpable. In addition to the vagueness of Herndon's approach, we do not address the merits of this contention because the record, as transmitted to this Court, does not show that this argument was raised in the trial court.[9] "Absent a showing that [Herndon] presented this argument to the trial court, we cannot reach it."[10]

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 2, 2000.

*Farkas & Ledford, Leonard Farkas*, for appellant.

*Watson, Spence, Lowe & Chambless, Thomas S. Chambless, Dawn G. Benson*, for appellee.

---

[7] See *Augustine*, supra, 206 Ga. App. at 350 (1).

[8] See *Bilt Rite of Augusta v. Gardner*, 221 Ga. App. 817 (472 SE2d 709) (1996) (professional negligence that is clear and palpable needs no expert testimony); see also *Pope v. Dept. of Human Resources*, 209 Ga. App. 835, 839 (2) (434 SE2d 731) (1993); *Hailey*, supra, 209 Ga. App. at 348 (3).

[9] See *Atlanta Gas Light Co. v. Ga. Pub. Svc. Comm.*, 212 Ga. App. 575, 577 (1) (442 SE2d 860) (1994).

[10] (Citations and punctuation omitted.) *Peavy v. Goodroe*, 237 Ga. App. 36, 37 (1) (514 SE2d 699) (1999).