A04A0886. TUCKER v. THOMAS C. TALLEY, M.D., P.C. et al.
(600 SE2d 778)

Johnson, Presiding Judge.

Carolyn Tucker, as legal guardian of Lorie T. Justice ("Justice"), appeals from the trial court's order granting Thomas C. Talley, M.D., P.C.'s ("Talley") and Talley & Stroud, LLC's ("LLC") motion to dismiss. We affirm for the reasons set forth below.

In her complaint, Justice alleges that she sought treatment from Talley and LLC for severe headaches, fever, and nausea, among other things, but that Talley and LLC only prescribed pain medication for her condition and failed to conduct any medical tests. Justice further claims that she was subsequently diagnosed with cryptococcal meningitis, and that she suffered permanent and irreparable harm while the condition went untreated.

Talley and LLC moved to dismiss Justice's complaint for failure to file an affidavit of an expert competent to testify as required by OCGA § 9-11-9.1. The trial court, after considering the pleadings, depositions, and arguments of counsel, granted the motion. Justice contends the trial court erred because (i) Talley and LLC waived objections to the expert affidavit, (ii) the trial court inappropriately converted the motion to dismiss into a motion for summary judgment, (iii) her complaint included an ordinary negligence claim that was not a claim for professional negligence, and (iv) the affidavit was sufficient to support her claims for medical malpractice.

1. Justice argues that Talley and LLC waived any objection to the Johnson affidavit by failing to act diligently in filing a motion to dismiss which alleged a defect with specificity. We agree, except that such a waiver only extended to whether Justice's complaint was subject to dismissal for failure to state a claim.

OCGA § 9-11-9.1 (a) ("Subsection (a)") requires that in a professional malpractice action the plaintiff attach to the complaint an affidavit of an expert competent to testify which sets forth at least one negligent act or omission claimed to exist. OCGA § 9-11-9.1 (b) ("Subsection (b)") provides that, in circumstances where the plaintiff

has a good faith belief that the statute of limitation will expire within ten days of the date of filing, the expert affidavit need not be filed contemporaneously with the complaint, and the plaintiff has 45 days to supplement her pleadings with the required affidavit. In this case, Justice relied on Subsection (b) and did not file an expert affidavit with her original complaint, but supplemented her pleadings within the allowed time with an affidavit of nurse Kirsten Johnson who averred that, given the severity of Justice's complaints, "the office of Dr. Thomas C. Talley fell below the applicable standard of care" by failing to conduct additional tests after Justice sought treatment.

Talley and LLC filed a motion to dismiss with their initial responsive pleadings in which they contended that Justice's case should be dismissed for failure to file an affidavit of an expert competent to testify. In their supporting brief, Talley and LLC asked the court to stay consideration of the motion until after the expiration of the 45-day period, and then to dismiss Justice's case if the pleadings had not been supplemented with the required expert affidavit. Approximately 14 months after the Johnson affidavit was filed, Talley and LLC asked the trial court to rule on their motion to dismiss.

Justice contends that because she supplemented her pleadings within the period allowed by Subsection (b), Talley and LLC were required to file a motion to dismiss which comported with the requirement of OCGA § 9-11-9.1 (d) ("Subsection (d)") that a defendant allege a defect in an affidavit with specificity. Subsection (d) provides:

> If a plaintiff files an affidavit which is allegedly defective, and the defendant to whom it pertains alleges, with specificity, by motion to dismiss filed contemporaneously with its initial responsive pleading, that said affidavit is defective, the plaintiff's complaint is subject to dismissal for failure to state a claim, except that the plaintiff may cure the alleged defect by amendment pursuant to Code Section 9-11-15 within 30 days of service of the motion alleging that the affidavit is defective. The trial court may, in the exercise of its discretion, extend the time for filing said amendment or response to the motion, or both, as it shall determine justice requires.[1]

---

[1] OCGA § 9-11-9.1 (d). Current Subsection (d) became effective on July 1, 1997, and was not part of the analysis in cases relied on by Talley and LLC such as *Riggins v. Wyatt*, 215 Ga. App. 854 (452 SE2d 577) (1994), *Milligan v. Manno*, 197 Ga. App. 171 (397 SE2d 713) (1990), and *Chandler v. Koenig*, 203 Ga. App. 684 (417 SE2d 715) (1992).

We agree with Justice that Talley and LLC never filed a motion to dismiss that complied with Subsection (d). Obviously, as Justice did not attach an expert affidavit to her initial pleadings, Talley and LLC could not file a motion to dismiss with their initial responsive pleadings which alleged a defect with specificity as to a filed affidavit. The inability to object in initial responsive pleadings, however, would not prevent a later objection. "Although the statute does not plainly address its application to the present facts, the legislature clearly intended to allow the defendant in a malpractice case to raise the failure to file the required expert affidavit at the defendant's first opportunity."[2] As Talley and LLC could not object in their initial responsive pleadings, the objection should have been made in Talley's and LLC's first subsequent pleading and within a reasonable period of time after the affidavit was filed.[3] The specific grounds for Talley's and LLC's objection to the Johnson affidavit were not made clear, however, until they filed the brief in which they renewed the original motion to dismiss, approximately 14 months after the affidavit was filed. The delay in making a specific objection to the Johnson affidavit was patently unreasonable and not in compliance with OCGA § 9-11-9.1 (d).

Talley and LLC argue that the original motion to dismiss identifies the defect with specificity because Justice never did file an affidavit by an expert competent to testify. However, there is a material difference between not attaching an affidavit and filing a defective affidavit because a defective affidavit can be cured under Subsection (d). Talley and LLC's original motion to dismiss could not and did not identify a defect in the subsequently filed affidavit.[4]

As Talley and LLC did not object with specificity to the Johnson affidavit, they were not entitled to a dismissal for failure to state a claim on account of a failure to comply with OCGA § 9-11-9.1. It does not follow, however, that their failure to make a valid objection under OCGA § 9-11-9.1 waived the issue of nurse Johnson's competency for other purposes.[5] Accordingly, we will not reverse because, as discussed below, Talley and LLC's motion to dismiss was converted into

---

[2] *Harris v. Murray*, 233 Ga. App. 661, 664 (2) (504 SE2d 736) (1998).

[3] See id. (because defendant acted diligently in raising the defense in the first pleading he filed after discovering evidence causing him to challenge the validity of the affidavit, he satisfied the statutory requirement that the defendant raise the failure in its initial responsive pleading).

[4] See, e.g., *Smith v. Morris, Manning & Martin, LLP*, 264 Ga. App. 24, 25 (589 SE2d 840) (2003) (discussing power to amend defective affidavit under OCGA § 9-11-9.1 (d)).

[5] See generally *Hewett v. Kalish*, 264 Ga. 183, 184 (1) (442 SE2d 233) (1994) (if a defendant believes that the application of pleading rules would not lead to the conclusion that the plaintiff's expert is incompetent to testify but the defendant nevertheless believes that the plaintiff's expert is in fact incompetent, the defendant may attempt to resolve this discrepancy

a motion for summary judgment upon which they were entitled to prevail. Although Justice relies on *Glaser v. Meck*[6] for the proposition that issues of expert competency are not reached after a pleading default, *Glaser* is both factually and procedurally inapplicable.

2. Justice acknowledges that because the trial court considered depositions and other matters outside the pleadings, the motion to dismiss was converted into a motion for summary judgment.[7] Justice contends that the trial court converted the motion to dismiss into a motion for summary judgment sua sponte, and erred in doing so without giving her 30 days notice in which to present evidence in opposition.[8] However, at the hearing on the motion to dismiss Justice was reasonably apprised of the trial court's intent to consider matters outside the pleadings because the trial court asked for depositions to be filed, "[a]nd I'll get the file and review it, and try to get you an answer, depending on when the depositions are filed." Justice did not object to the trial court's evident intent to use depositions in ruling on the motion to dismiss. "A party will not be heard to complain of a ruling which it sought or to which it acquiesced."[9] Even if the trial court's intent to consider matters outside the pleadings was not so clear as to require an objection, Justice does not show that she would have filed additional affidavits or briefs, or other supporting documentation, had she been given additional time to do so in the context of a motion for summary judgment.[10] To the contrary, at the hearing her attorney represented that "we believed, based on the status of written discovery already in this case, we can already prove our case." We will not reverse the trial court's error, if any, absent a showing of harm.[11]

3. Justice amended her complaint to add the following claim:

Defendants jointly and severally committed negligence through the administrative nonprofessional functions of it employees, including but not limited to the failure to follow procedures regarding the communication of the content of phone calls from patients.

---

at a hearing which, should evidence be presented outside the pleadings, must be considered to be a hearing on motion for summary judgment).

[6] 258 Ga. 468 (369 SE2d 912) (1988).

[7] See *White House, Inc. v. Winkler*, 202 Ga. App. 603, 605-606 (415 SE2d 185) (1992).

[8] See *Bonner v. Fox*, 204 Ga. App. 666, 667 (420 SE2d 312) (1992).

[9] (Citation omitted.) *Firstline Corp. v. Valdosta-Lowndes County Indus. Auth.*, 236 Ga. App. 432, 434 (2) (511 SE2d 538) (1999).

[10] *Christensen v. State of Ga.*, 219 Ga. App. 10, 11-12 (4) (464 SE2d 14) (1995).

[11] Id. at 12 (4).

Justice contends that the trial court erred in treating this ordinary negligence claim as a claim for professional negligence. However, even if Justice did set forth a claim of ordinary negligence, the trial court did not err in granting summary judgment to Talley and LLC on those claims because there was no evidence to support the ordinary negligence claim.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law.[12] To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim.[13] Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant.[14]

In her deposition, Justice states that she spoke with Dixon at Dr. Talley's office about her headache, but does not remember if she told Dixon about any other problems or symptoms. From Justice's deposition and the affidavit of nurse Johnson, it appears that Talley prescribed pain medication to Justice in response to Justice's complaint about her headaches. Thus it appears that Talley and LLC acted on Justice's telephone call. There is no evidence that the substance of the call was miscommunicated within the office or there was otherwise some breakdown of administrative procedures. Thus there is an absence of evidence that Talley and LLC committed ordinary negligence through the administrative functions of their employees, and the trial court did not err in granting summary judgment to Talley and LLC on Justice's ordinary negligence claim.

4. Justice contends that nurse Johnson was competent to testify in support of Justice's professional malpractice claims. Again, we disagree.

In her affidavit, nurse Johnson, a registered nurse and nurse practitioner, claims:

> On May 12, 2000, Lorie Justice was a patient of Dr. Thomas C. Talley. On that date, Lorie Justice complained to Dr. Talley's office of severe headaches of such tremendous magnitude that they woke her up at night and caused her to

---

[12] OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).
[13] Id.
[14] *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (503 SE2d 581) (1998).

vomit. Ms. Justice also complained of fever, nausea, sensitivity to bright light, and neck pain.

I am familiar with the standards of care required during the diagnosis, treatment, and care of pregnant women in a medical environment. Based upon the facts set out above, the office of Dr. Thomas C. Talley fell below the applicable standard of care by engaging in negligent acts and omissions, including but not limited to the following: (a) Given the severity of Lorie Justice's complaints, they should have conducted additional testing.

"The general rule is that a member of a school of practice other than that to which the defendant belongs is not competent to testify as an expert in a malpractice case."[15] "The question presented here is whether there is sufficient proof of overlapping expertise to establish that nurse [Johnson] was competent to give the affidavit against [Talley], a medical doctor."[16] We agree with the analysis of the trial court that a nurse practitioner cannot speak to an alleged missed case of cryptococcal meningitis on the part of a physician. The specific act of negligence alleged in Johnson's affidavit is failure to conduct additional testing, and the act of negligence asserted in the complaint is that "Defendants knew or should have known that Plaintiff's complaints were symptoms of a far more serious disease. Defendants should have followed up on Plaintiff's complaints and ordered additional testing." The ordering of medical tests is not shown to be an overlapping function between a nurse practitioner and a medical doctor inasmuch as a nurse does not have independent authority to order diagnostic tests.[17]

Justice attempts to frame nurse Johnson's expertise and the allegations of negligence such that Johnson's expertise overlaps that of Talley and LLC's "staff" in "failing to follow up on a telephone complaint." However, as discussed in Division 3 above, Justice's telephone complaint was responded to, and, to the extent diagnostic tests were required, that is not shown to be a matter within nurse Johnson's expertise. Accordingly, Justice presented no competent evidence that Talley and LLC had breached the applicable standard

---

[15] (Punctuation and footnote omitted.) *Bennett v. Butlin*, 236 Ga. App. 691, 692 (1) (512 SE2d 13) (1999).

[16] *Nowak v. High*, 209 Ga. App. 536, 538 (433 SE2d 602) (1993).

[17] See OCGA § 43-34-26.1 (physician may delegate authority to a nurse to order dangerous drugs, medical treatments, and diagnostic tests under nurse protocol, which is a written document signed by a physician).

of care, and the trial court did not err in granting summary judgment to Talley and LLC on Justice's medical malpractice claims.[18]
   *Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED JUNE 14, 2004.

*Charles J. Bowen, Jr., Jay D. Lose, Jr.,* for appellant.
*Chambless, Higdon, Richardson, Katz & Griggs, Emmitte H. Griggs, David N. Nelson,* for appellees.

---

[18] See *Williams v. Hajosy*, 210 Ga. App. 637, 638 (2) (436 SE2d 716) (1993) (while affidavit was sufficient for purposes of OCGA § 9-11-9.1, it was not sufficient to show doctor failed to comply with standard of care for purposes of summary judgment motion).
   [1] *Mann v. State*, 244 Ga. App. 756, 757 (1) (536 SE2d 608) (2000); see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).