## A05A0178. BREGMAN-RODOSKI v. ROZAS.
### (616 SE2d 171)

RUFFIN, Chief Judge.

Beverly Bregman-Rodoski sued Dr. Kevin Rozas for medical malpractice, alleging that Rozas negligently performed a hysterectomy and bladder-neck suspension surgery. Rozas moved for summary judgment on the grounds that Bregman-Rodoski failed to comply with the expert affidavit requirement.[1] The trial court granted the motion, and this appeal ensued. For reasons that follow, we affirm.

To prevail on a motion for summary judgment, the movant must show that there is no genuine issue of material fact, and that the evidence of record, viewed most favorably to the nonmovant, warrants judgment as a matter of law.[2] A defendant can meet this burden simply by pointing to an absence of evidence supporting at least one essential element of the plaintiff's claim.[3] "Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in [a] light most favorable to the nonmovant."[4]

Viewed in this manner, the record demonstrates that when Bregman-Rodoski initially filed suit, she attached the affidavit of Dr. Richard Karol in which he stated that the care rendered by Dr. Rozas fell below the standard of care. Rozas's attorney subsequently deposed Karol, who acknowledged under oath that he no longer practiced surgery, that he had never performed the type of surgery at issue, and that he did not feel competent to do such procedure. Rozas's attorney then asked, "[b]ased on the fact that it's been a number of years since you have been in the surgical field, . . . and based on the fact that you are not a . . . urologist[,] . . . how can you competently . . . testify that [Rozas's treatment] was beneath the standard of care?" Karol responded, "I should clarify that I'm making such statement not as an expert witness on this case[,] but only as a physician. . . . [I]t is my understanding and, in fact, my insistence . . . that I would not be contacted as an expert witness in this case because . . . I am not currently a practicing surgeon."

Based upon Karol's deposition testimony, Rozas moved for summary judgment, arguing that there was no competent expert testimony that his surgical treatment of Bregman-Rodoski fell below the standard of care, which is required to establish a medical malpractice

---

[1] See OCGA § 9-11-9.1 (a).

[2] See *Tucker v. Thomas C. Talley, M.D., P.C.*, 267 Ga. App. 820, 824 (3) (600 SE2d 778) (2004).

[3] See id.

[4] Id.

claim.[5] Rozas attached his own affidavit to the motion in which he averred that "at all times during [his] treatment of . . . Bregman-Rodoski, [he] exercised that degree of care, skill and diligence generally employed by the medical profession in Georgia."

Recognizing that she needed a competent expert witness, Bregman-Rodoski responded to Rozas's motion for summary judgment by providing the affidavit of Dr. Peter Bretan. This affidavit showed that Bretan reviewed the medical records from Rozas's treatment of Bregman-Rodoski. However, the affidavit did not attach certified copies of the medical records, and there are no such copies in the record. Rozas filed a reply brief, asserting that Bretan's affidavit lacked probative value because the requisite medical records had not been attached. The trial court agreed and granted Rozas's motion for summary judgment.

On appeal, Bregman-Rodoski contends that the trial court erred in ruling that the affidavit was insufficient. We disagree. Pursuant to OCGA § 9-11-56 (e), on motion for summary judgment, "[s]worn or certified copies of all papers or parts thereof *referred to in an affidavit* shall be attached thereto."[6] This Code section further provides that

> [w]hen a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.[7]

Here, Rozas moved for summary judgment based upon the lack of competent expert testimony. Accordingly, it was incumbent upon Bregman-Rodoski to come forward with competent evidence to show that there was a genuine issue of fact for trial. This Court has made abundantly clear that,

> [t]o be sufficient to controvert the defendant's expert opinion and [to] create an issue of fact, the plaintiff's expert must base his opinion on medical records which are sworn or

---

[5] See *Cherokee County Hosp. Auth. v. Beaver*, 179 Ga. App. 200, 201 (345 SE2d 904) (1986) ("[A] plaintiff in medical malpractice cases is generally required to produce expert testimony in order to show that the defendant deviated from the requisite standard of care.").

[6] (Emphasis supplied.)

[7] OCGA § 9-11-56 (e).

certified copies, or upon his own personal knowledge; and he must state the particulars in which the defendant's treatment of the plaintiff was negligent.[8]

We have reasoned that the certified records requirement "responds to the question of hearsay as the foundation for an opinion, and conforms to the rule that mere conclusions are not sufficient to create issues of fact."[9] Here, it is undisputed that certified records were not attached to the affidavit. Indeed, the medical records, certified or otherwise, are nowhere to be found.[10] Given this absence of proof on an essential element of Bregman-Rodoski's claim, the trial court did not err in granting summary judgment in Rozas's favor.[11]

Notwithstanding the lack of certified medical records, Bregman-Rodoski asserts that summary judgment was inappropriate because the affidavit also was based upon Bretan's personal knowledge.[12] This assertion, however, is belied by Bretan's affidavit, in which he stated "[b]ased upon my review of the records, it is my opinion . . . that the care rendered to [Bregman-Rodoski] fell below the standard of care." Thus, it is apparent that any personal knowledge Bretan gained was via the medical records.[13]

Bregman-Rodoski also alleges that summary judgment was improper because discovery was not yet complete and she had never received copies of the certified records. However, a "trial court is not required to wait until the completion of discovery to rule on a motion for summary judgment, if the case is otherwise ripe for a ruling thereon."[14]

Apparently, Bregman-Rodoski claims that the case was not otherwise ripe because she had yet to receive certified copies of the records from Rozas. Again, this claim is belied by the record. At the hearing, Bregman-Rodoski's attorney stated "[a]s for actual discovery, I don't know if we ever received a certified copy of records." In contrast, Rozas's attorney stated unequivocally that verified copies had been provided. In short, Bregman-Rodoski failed to demonstrate

---

[8] (Punctuation omitted.) *Hailey v. Blalock*, 209 Ga. App. 345, 347 (2) (433 SE2d 337) (1993). See also *Herndon v. Ajayi*, 242 Ga. App. 193, 194 (1) (532 SE2d 108) (2000); *Estate of Patterson v. Fulton-DeKalb Hosp. Auth.*, 233 Ga. App. 706, 707 (1) (505 SE2d 232) (1998); *Goring v. Martinez*, 224 Ga. App. 137, 139 (2) (b) (ii) (479 SE2d 432) (1996).

[9] *Hailey*, supra.

[10] In fact, the records were neither attached to Dr. Karol's affidavit nor tendered during the hearing on Rozas's motion for summary judgment.

[11] See id. at 347-348; *Herndon*, supra.

[12] See *Hayes v. Murray*, 252 Ga. 529, 530 (314 SE2d 885) (1984).

[13] See *Crawford v. Phillips*, 173 Ga. App. 517, 518 (1) (326 SE2d 593) (1985).

[14] *Vick v. Tower Place, L.P.*, 268 Ga. App. 108, 109 (1) (601 SE2d 348) (2004).

that summary judgment was not warranted.[15] Thus, this argument presents no basis for reversal.[16]

We also reject Bregman-Rodoski's argument that the trial court erred in failing to grant her leave to amend. Bregman-Rodoski apparently did not ask the trial court for leave to amend, and she provides no legal authority for the proposition that a trial court is required to sua sponte grant such relief.

Finally, Bregman-Rodoski contends that the trial court was required "to consider all papers of record" before granting summary judgment.[17] According to Bregman-Rodoski, Dr. Karol's deposition testimony is sufficient to establish the existence of a genuine issue of material fact. However, as with Bretan, Karol's only knowledge of the patient came through reviewing her medical records. And there is no evidence that Karol ever had access to certified copies of Bregman-Rodoski's medical records. Thus, for purposes of summary judgment, Karol's testimony is no more probative than Bretan's.[18] It follows that the trial court did not err in granting summary judgment in Rozas's favor.[19]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED JUNE 22, 2005.

*Mozley, Finlayson & Loggins, Laura M. Medlin, Adam S. Jaffe,* for appellant.

*Hall, Booth, Smith & Slover, Jack G. Slover, Jr., Shaun Daugherty,* for appellee.

---

[15] See *Berrell v. Hamilton,* 260 Ga. App. 892, 896 (581 SE2d 398) (2003) ("On summary judgment, when the moving party makes a prima facie showing of entitlement to judgment as a matter of law, the burden then shifts to the respondent to come forward with rebuttal evidence."); *Clements v. Warner Robins Supply Co.,* 235 Ga. 612, 614-615 (4) (221 SE2d 35) (1975) ("When a motion for summary judgment is supported by affidavits and other evidence the opposing party may not stand merely upon [her] pleadings, but has the burden of responding by affidavit or . . . otherwise.").

[16] See id.

[17] See *Glisson v. Morton,* 203 Ga. App. 77, 77-78 (2) (416 SE2d 134) (1992).

[18] See *Hailey,* supra.

[19] See *Herndon,* supra.