A06A0615. CONLEY et al. v. CHILDREN'S HEALTHCARE OF ATLANTA, INC. et al.
(632 SE2d 409)

ANDREWS, Presiding Judge.

David and Gayla Conley brought a medical malpractice action against Children's Healthcare of Atlanta, Inc. and two doctors alleging that their seventeen-month-old child had died as a result of the defendants' negligent care. The trial court granted summary judgment to the defendants on the ground that the Conleys had not provided the medical records on which their expert relied in forming her judgment that the defendants had been negligent. On appeal, the Conleys assert that the trial court erred when it granted summary judgment because the defendants had not affirmatively shown that the Conleys had failed to prove at least one essential element of their claim. We disagree and therefore affirm.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

Under OCGA § 9-11-9.1 (a), a plaintiff bringing a medical malpractice action "shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set

---

forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." Under OCGA § 9-11-56 (e), moreover,

> [s]worn or certified copies of all papers or parts thereof *referred to in an affidavit* shall be attached thereto or served therewith. . . . [A]n adverse party may not rest upon the mere allegations or denials of his pleading, but his response, *by affidavits or as otherwise provided in this Code section*, must set forth specific facts showing that there is a genuine issue for trial.

(Emphasis supplied.)

In the context of medical malpractice actions, we have long held that while medical records need not be attached to the affidavit itself "if the affidavit is based upon material that is part of the record and before the court, the affidavit still must specifically identify those documents[,] and failure to do so results in summary judgment." *Goring v. Martinez*, 224 Ga. App. 137, 139 (2) (b) (ii) (479 SE2d 432) (1996); see also *Bregman-Rodoski v. Rozas*, 273 Ga. App. 835, 836-837 (616 SE2d 171) (2005) (affirming grant of summary judgment to defendants when plaintiff failed to file copies of medical records on which her expert affidavit was based).

Here, the plaintiffs filed the affidavit of Dr. Sharon Mace to support the allegations of their complaint. It is undisputed, however, that the record on appeal does not include the medical records on which Dr. Mace's conclusions were based. Thus the Conleys have failed to comply with OCGA § 9-11-56 (e), and the trial court did not err when it granted the defendants summary judgment on this basis. *Goring*, supra, 224 Ga. App. at 139 (2) (b) (ii); *Bregman-Rodoski*, supra, 273 Ga. App. at 836-837.

*Judgment affirmed. Bernes, J., concurs. Barnes, J., concurs specially.*

BARNES, Judge, concurring specially.

While I agree with the result reached in this case, I do not agree with all that is said. Therefore, this opinion decides only the issues in this case and may not be cited as binding precedent.[1]

---

[1] "Judgment as Precedent. A judgment in which all judges of the Division fully concur is a binding precedent; if there is a special concurrence without a statement of agreement with all that is said in the opinion or a concurrence in the judgment only, the opinion is a physical precedent only. . . ." Court of Appeals Rule 33 (a).

DECIDED MAY 16, 2006 —
RECONSIDERATION DENIED JUNE 15, 2006 —

*Jeffrey L. Sakas*, for appellants.

*Huff, Powell & Bailey, Randolph P. Powell, Jr., Julye M. Johns, Camille N. Jarman, Hall, Booth, Smith & Slover, Howard W. Reese III*, for appellees.