38936. WEST v. MATHEWS, Administrator.

58

DECIDED JUNE 16, 1961—REHEARING DENIED JUNE 28, 1961.

*Philip R. Taylor, Harris, Russell & Watkins, John B. Harris, Jr.,* for plaintiff in error.

*Culpepper & Culpepper, Geo. B. Culpepper, Jr.,* contra.

JORDAN, Judge. The sole question presented in this case is as follows: When a mother is killed by the negligent operation of a motor vehicle and is survived by a daughter, and the husband of the deceased is dead, and there are no other children, and the daughter, who survived her mother, herself dies before she has opportunity to bring suit for the full value of her mother's life, is the administrator of the estate of the daughter, who survived her mother, entitled to recover for the full value of the mother's life?

The petition is based on *Code* § 105-1306 which as amended in 1960 (Ga. L. 1960, pp. 968, 969), reads in part as follows: "Homicide of wife or mother—the husband and/or child or children, and any illegitimate child or children if dependent upon the wife, or mother, may recover for the homicide of the wife or mother, and those surviving at the time the action is brought shall sue jointly and not separately, with the right to recover the full value of the life of the decedent, as shown by the evidence, and with the right of survivorship as to said suit, if either shall die pending the action. . . ." The defendant's demurrer is based on the contention that under this Code section the right to recover for the homicide of a wife or mother belongs to a husband and/or child or children who are in life, not at the time of the death of the wife or mother, but at the time the action is brought, and since in this case no husband or child was living at the time the action was brought the only right to recover would be in the personal representative of Mrs. Julia Idena Pickard under the provisions of *Code* § 105-1309.

There can be no question but that when Mrs. Julia Idena Pickard died on October 22, 1960, her daughter Audrey Kathleen Mathews, then surviving, had a cause of action under *Code* § 105-1306 for her homicide. Prior to 1952 this cause of action would clearly not have survived to her personal representative since the language of *Code* § 3-505 applied only to actions which were pending at the time of the death of a party to such action. However, the General Assembly amended this section in 1952 (Ga. L. 1952, p. 224), to read as follows: "No action for a tort shall abate by the death of either party, where the wrongdoer received any benefit from the tort complained of; nor shall any action, *or cause of action*, for the recovery of damages for homicide, injury to person, or injury to property abate by the death of either party; but such cause of action, in case of the death of the plaintiff, shall, in the event there is no right of survivorship in any other person, survive to the personal representative of the deceased plaintiff, and in case of the death of the defendant, shall survive against said defendant's personal representative. However, in the event of the death of the wrongdoer before suit shall have been brought against him, the personal representative of such wrongdoer in such capacity shall be subject to suit just as the wrongdoer himself would have been during his life; providing that there shall be no punitive damages." The portion underlined above was added by this amendment and it was the clear intention of the legislature that not only an action but a cause of action would survive to the personal representative where there was no right of survivorship in any other person.

In considering this amendment, the Supreme Court of this State used the following language: "Having held Ga. L. 1952, pp. 224, 225, constitutional as against the attack made, we come now to consider count 1 of the petition based upon said act. It is conceded, and of course it is true, that the deceased herself, had she lived, would have had a cause of action for pain and suffering resulting from her negligent injury by the defendant. But prior to the act of 1952, pp. 224, 225, this cause of action would not have survived her unless it had been commenced before her death. *Frazier v. Georgia R. & Bkg. Co.,* 101 Ga. 70

(28 SE 684); *King v. Southern Ry. Co.*, 126 Ga. 794 (55 SE 965, 8 LRA (NS) 544); *Stephens v. Columbus R. Co.*, 134 Ga. 818 [68 SE 551], supra. Under the above decisions and many more which could be cited, this court had held that only such actions under *Code* § 3-505 as were pending when a person died survived to his administrator.

"*Clearly, the purpose of the amending act of 1952, pp. 224, 225, was not to create a new cause of action, as is contended by the defendant, but was to provide for the survival to the administrator of causes of action that existed in the deceased person before his death.* We are of the opinion that the legislature could have had no other purpose in mind and that the effect of this amendment, as applied to the instant case, is to preserve the cause of action of the deceased, Mamie M. Floyd, and to permit an action thereon by her administrator." (Emphasis supplied). *Complete Auto Transit v. Floyd*, 214 Ga. 232, 237 (104 SE2d 208).

This court has held that the 1952 amendment to *Code* § 3-505 refers only to those cases where there is no right of survivorship. *Keenan Welding Supplies Co. v. Bronner*, 100 Ga. App. 400 (111 SE2d 140). The section is applicable in the instant case since there was no right of survivorship in any other person.

We are therefore of the opinion that the cause of action which Audrey Kathleen Mathews had for the death of her mother Mrs. Julia Idena Pickard survived to the administrator of her estate, even though she survived her mother by only a few hours and was not living at the time the suit was filed.

The right of action set forth in *Code* § 105-1306 was created by the legislature in 1887. *Code* § 3-505 was enacted two years later in 1889, and applied to all actions for damages for homicide or injury to person or property. The 1952 amendment to this section, while not creating any new cause of action, was clear in its intent that a cause of action once accruing to a person would survive to the personal representative upon the death of such person where there was no right of survivorship in any other person.

The petition otherwise stating a cause of action, the order overruling the general demurrer must be affirmed.

*Judgment affirmed. Townsend, P.J., and Frankum, JJ., concur.*