### 74038. CAYLOR v. POTTS.
#### (358 SE2d 291)

Banke, Presiding Judge.

In May of 1982, Stephen Potts filed a wrongful death action to recover for the homicide of his three-year-old daughter, Stephanie. At the time of the child's death, Potts was divorced from the child's mother, Pamela Caylor, who is the appellant in the present case. In May of 1984, while his wrongful death action was pending, Stephen Potts died in a motorcycle accident. Ms. Caylor was subsequently substituted as plaintiff in that action, and in March of 1986, she settled with two of the defendants in the case for the net amount of $6,220.50. She then brought the present action against the administrator of Stephen Potts' estate, the appellee herein, seeking a declaration that Potts' estate is not entitled to a one-half share of these settlement proceeds. This appeal is from the grant of the appellee administrator's motion for judgment on the pleadings. Held:

1. Two statutes govern the respective rights of recovery of the parties in the present case. The first, OCGA § 19-7-1 (c), provides, in pertinent part, as follows:

"(1) In every case of the homicide of a child, minor or sui juris, there shall be some party entitled to recover the full value of the life of the child, either as provided in this Code section or as provided in Chapter 4 of Title 51.

"(2) If the deceased child does not leave a spouse or child, the right of recovery shall be in the parent or parents, if any, given such a right by this paragraph. . . .

"(B) *If either parent is deceased, the right shall be in the surviving parent. . . .*" (Emphasis supplied.)

The second applicable statute is OCGA § 9-2-41 (former Code Ann. § 3-305), which governs the survival of tort actions generally. It provides, in pertinent part, as follows: "[No] action *or cause of action* for the recovery of damages for homicide, injury to the person, or injury to property [shall] abate by the death of either party. The cause of action, in case of the death of the plaintiff and in the event there is no right of survivorship in any other person, shall survive to the personal representative of the deceased plaintiff." (Emphasis supplied.) The words "or cause of action" were added to the first sentence of

this statute by Ga. L. 1952, p. 224. Prior to that amendment, the statute had been construed as enabling a parent's existing right of action to recover for the homicide of a child to survive to the representative of the parent's estate in the event of the parent's death only in the event such an action by the parent was already pending at the time of the parent's death. See *Frazier v. Ga. R. &c. Co.*, 101 Ga. 77 (1) (28 SE 662) (1897); *Roadway Express v. Jackson*, 77 Ga. App. 341 (1) (48 SE2d 691) (1948); *Peebles v. Charleston &c. R. Co.*, 7 Ga. App. 279 (66 SE 953) (1909).

When the foregoing cases were decided, the statute governing wrongful-death actions specified that "[a] mother, or if no mother, a father, may recover for the homicide of a child . . . unless said child shall leave a wife, husband or child." Code of 1933 § 105-1307; Acts 1887, pp. 43, 45. If that statutory language, when construed in conjunction with the then existing version of the general survival statute (current OCGA § 9-2-41, supra), did not operate to extinguish a pending action by a mother to recover for the homicide of a child in the event of the mother's death during the lifetime of the father, then we can discern no basis for construing the present statutory scheme to have such an effect under similar circumstances. Indeed, since the passage of the 1952 amendment to the survival statute, it would appear that an existing right of action by a parent to recover for the homicide of a child will survive to the representative of the parent's estate regardless of whether the action was filed during the parent's lifetime.

We do not consider this interpretation of OCGA § 9-2-41 to be inconsistent with OCGA § 19-7-1 (c) (2) (B), supra, which specifies that "[i]f either parent is deceased, the right shall be in the surviving parent." We instead interpret that code section as setting forth the rights of the parents as they exist on the date of the child's death, an interpretation which is in accordance with the general principle that statutes are to be construed in harmony with existing law where possible. See generally *Lewis v. City of Smyrna*, 214 Ga. 323 (104 SE2d 571) (1958). Thus, we hold that the trial court did not err in granting summary judgment to the administrator of the father's estate in the present case.

2. We do not, however, consider this appeal to have been so palpably without merit as to admit of no other conclusion than that it was filed for purposes of delay. Consequently, the appellee's motion for imposition of damages against the appellant pursuant to OCGA § 5-6-6 for filing a frivolous appeal is denied. See *Great Atlantic &c. Tea Co. v. Burgess*, 157 Ga. App. 632 (4) (278 SE2d 174) (1981).

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED MAY 29, 1987.

*Clifton M. Patty, Jr.,* for appellant.
*Kenneth Davis, Jr., John W. Knapp, Jr.,* for appellee.