## A93A1305. HOSLEY v. DAVIDSON et al.
(439 SE2d 742)

ANDREWS, Judge.

Eddie Hosley, as administrator of the estates of his sister Barbara Wilson and her illegitimate minor son, Al-Sufi Hosley, brought this action to recover for their wrongful deaths. They died on April 26, 1989, when a vehicle in which they were passengers collided with a stalled truck which its operator, defendant Davidson, had left on an interstate highway. The truck was owned by Davidson's employer, Computer Transport Company, and insured as to liability by Northbrook Property & Casualty Insurance Company. Computer Transport and Northbrook were also named as defendants.

On July 27, 1992, Davidson moved for summary judgment on the basis that the claims for funeral and burial expenses and for the full value of the decedents' lives were not brought by the proper party plaintiffs within the applicable two-year statute of limitation, OCGA § 9-3-33. On July 29, the other defendants filed a motion for summary judgment on the same ground.

---

On September 25, plaintiff Hosley filed a motion seeking leave to amend the complaint to add as a plaintiff, Wilson's sole surviving child, Stephanie Hosley. Hosley acknowledges that the child is the proper person to prosecute the action for Wilson's wrongful death. Hosley did not serve the motion on Davidson until September 28, at which time he also filed a brief in opposition to defendants' motions for summary judgment, requesting that the motion for leave to amend be granted. On October 20, a consent order was entered extending the time for defendants' response to plaintiff's motion for leave to amend until November 6. Davidson filed his response on November 5.

Oral arguments on Davidson's motion for summary judgment were heard on November 19. Also on that date, Davidson filed a motion to strike Hosley's response, including his motion to amend the complaint, since it was not filed within 30 days of the filing of the motion for summary judgment, as required by Uniform State Court Rule 6.2. In so arguing, Davidson relied upon *Winchester v. Sun Valley-Atlanta Assoc.*, 206 Ga. App. 140 (1) (424 SE2d 85) (1992). He stated that he did not file the motion to strike until the day of the hearing because he did not become aware of *Winchester* earlier.

Although Hosley had not requested an extension of time for filing a response to Davidson's motion for summary judgment, at the hearing the court suggested that Hosley's counsel request a retroactive extension from Davidson's counsel. Davidson's counsel declined this request. The court concluded that it had no choice but to grant Davidson's motion to strike. Thereafter, the court considered the record and granted Davidson's motion for summary judgment.

1. In his first enumeration of error, Hosley contends that the court erred in granting Davidson's motion to strike. Although a plaintiff has a right to file a motion to amend his complaint separate from his response to a defendant's motion for summary judgment, in this case, unlike *Winchester*, supra, the motion to amend has been treated as part of the response.

Uniform State Court Rule 6.2 provides, *"Unless otherwise ordered by the judge*, each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion, or on the date of the hearing (if one is held) whichever occurs sooner." (Emphasis supplied.)

"The presence of the conditional language in the rule clearly gives the trial judge discretion regarding the period of time by which a party must respond to a motion in a civil case." *Kidd v. Unger*, 207 Ga. App. 109, 110 (2) (427 SE2d 82) (1993). In this case, there is no order by the court that extends or limits the 30-day period. Thus, in the absence of a court-ordered exception, the period for filing a response was 30 days. The rule does not give the court unfettered au-

thority to excuse late filings, instead it gives the court the discretion to extend or limit the filing period. In the absence of exercised discretion, the guidelines are clear. In this case, Hosley's failure to comply with the rule's deadline warranted the striking of his response.

Because of our conclusion in this regard, we need not address Hosley's arguments regarding his motion to amend the complaint.

2. Based upon evidence that the collision caused the child's death before the mother's, although only by seconds, Hosley argues that during the fleeting period between their two deaths, the mother had a cause of action for the child's wrongful death which survived to him as her representative. Hosley claims he is the proper party to recover for the wrongful death of the child, although the child was survived by his biological father, Ismael Jamaal.

Hosley relies upon *Caylor v. Potts*, 183 Ga. App. 133 (1) (358 SE2d 291) (1987), in which a divorced father brought an action for the wrongful death of his minor child. The father died during the pendency of the action. The mother was subsequently substituted as plaintiff. After entering into a settlement, she brought an action against the administrator of the father's estate seeking a declaration that the estate was not entitled to a one-half share of the settlement proceeds. This court affirmed the trial court's grant of the administrator's motion for judgment on the pleadings. But see OCGA § 19-7-1 (c) (2) (C) and (c) (6).

The Court in *Caylor* determined that two statutes governed the rights of recovery of the parties — OCGA § 19-7-1 (c) and OCGA § 9-2-41. OCGA § 19-7-1 (c) is part of Chapter 7 (governing parent and child relationships generally), of Title 19 (governing domestic relations). It provides, in pertinent part:

"(1) In every case of the homicide of a child, minor or sui juris, there shall be some party entitled to recover the full value of the life of the child, either as provided in this Code section or as provided in Chapter 4 of Title 51.

"(2) If the deceased child does not leave a spouse or child, the right of recovery shall be in the parent or parents, if any, given such a right by this paragraph . . .

"(B) If either parent is deceased, the right shall be in the surviving parent. . . ."

OCGA § 9-2-41, which governs the survival of tort actions generally, provides in pertinent part:

"[No] action *or cause of action* for the recovery of damages for homicide, injury to the person, or injury to property [shall] abate by the death of either party. The cause of action, in case of the death of the plaintiff and in the event there is no right of survivorship in any other person, shall survive to the personal representative of the deceased plaintiff." (Emphasis supplied.)

The Court in *Caylor* noted that the words "or cause of action" were added to the first sentence of this statute in 1952 and that prior to that amendment the statute had been construed as enabling a parent's existing right of action to recover for the homicide of a child to survive to the representative of the parent's estate in the event of the parent's death only if such an action by the parent was already pending at the time of the parent's death. Id. at 133-134. The Court held that if a pending action was not extinguished by a parent's death prior to the 1952 amendment, it would not be extinguished under the present statutory scheme.

The Court also observed that "since the passage of the 1952 amendment to the survival statute, it would appear that an existing right of action by a parent to recover for the homicide of a child will survive to the representative of the parent's estate regardless of whether the action was filed during the parent's lifetime." Id. at 134.

However, in *Caylor* it was not necessary for the Court to hold that a cause of action which has not been brought by a parent can be brought by the representative of his estate even though the child is survived by his other parent. Such a holding would contravene OCGA § 51-4-5 (a), which was not considered in *Caylor*. As part of Chapter 4 (wrongful death actions) of Title 51 (torts), it provides in pertinent part: "When there is no person entitled to bring an action for the wrongful death of a decedent under Code Section 51-4-2 or 51-4-4, the administrator or executor of the decedent may bring an action for and may recover and hold the amount recovered for the benefit of the next of kin."

Nor did *Caylor* consider *West v. Mathews*, 104 Ga. App. 57, 61 (121 SE2d 41) (1961), where a mother and daughter died in an automobile collision, the mother instantly and the daughter approximately eight hours later. This Court held that the administrator of the daughter's estate was entitled to bring an action for the mother's wrongful death, because the husband was deceased and there were no other children. The Court held that "[t]he 1952 amendment . . . was clear in its intent that a cause of action once accruing to a person would survive to the personal representative upon the death of such person *where there was no right of survivorship in any other person*." (Emphasis supplied.) Id.

Thus, where one of the parents of a minor child dies before instituting an action for the child's wrongful death, the representative of that parent's estate is not authorized to bring such an action if there is a surviving parent or other person entitled to bring it. To the extent that the reasoning and language used in *Caylor* are contrary, it must be disapproved. The proper person to bring this action for the child's wrongful death is the child's biological father and not plaintiff. Hosley does not argue that the biological father is barred from recov-

ery. See *Sapp v. Solomon*, 252 Ga. 532 (2) (314 SE2d 878) (1984). He has not sought to amend the complaint to add the biological father. Nor does he argue that the father cannot be located. Cf. OCGA § 19-7-1 (c) (2) (C). Issues which would have arisen had he sought to amend or had he advanced these arguments need not be addressed.

3. In a separate enumeration, Hosley claims that notwithstanding his late response, the trial court erred in granting summary judgment because summary judgment cannot be based upon a real-party-in-interest defense. He argues that this objection is a matter in abatement and a motion for summary judgment is not the proper procedural vehicle by which to adjudicate this objection. *Warshaw Properties v. Lackey*, 170 Ga. App. 101 (316 SE2d 482) (1984). However, as pointed out in *Warshaw*, in many cases it is irrelevant whether the motion by which such an objection is adjudicated is treated as a motion to dismiss or as a motion for summary judgment since the underlying basis for the grant of summary judgment may always be taken into account. See also *Hammer Clinic, P. C. v. Crawley*, 169 Ga. App. 522 (313 SE2d 778) (1984). Hosley has presented no reason why the procedural vehicle of the real-party-in-interest objection is determinative in this case and this argument is without merit.

4. Hosley argues that he is the proper party to bring an action for funeral and burial expenses of the decedents under OCGA § 51-4-5 (b), which provides, "[w]hen death of a human being results from a crime or from criminal or other negligence, the personal representative of the deceased person shall be entitled to recover for the funeral, medical, and other necessary expenses resulting from the injury and death of the deceased person." See *Gay v. Piggly Wiggly Southern*, 183 Ga. App. 175, 180 (2) (358 SE2d 468) (1987). The funeral and burial expenses are debts of the estate, see OCGA § 53-7-91 (2); compare *Complete Auto Transit v. Floyd*, 214 Ga. 232, 238 (3) (104 SE2d 208) (1958), and in his capacity as representative of the decedents' estates, Hosley is entitled to recover these expenses under OCGA § 51-4-5 (b). See *Ga. Osteopathic Hosp. v. O'Neal*, 198 Ga. App. 770, 772 (1) (403 SE2d 235) (1991). The court erred in granting the motion for summary judgment on this claim.

*Judgment affirmed in part and reversed in part. Pope, C. J., McMurray, P. J., Birdsong, P. J., Beasley, P. J., Cooper, Johnson, Blackburn and Smith, JJ., concur.*

DECIDED DECEMBER 3, 1993 —
RECONSIDERATION DENIED DECEMBER 20, 1993 —

*Daryl V. Yokely*, for appellant.
*Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr.,*

*Quinton S. Seay*, for appellees.