A00A0367. BUTLER v. HOUSEHOLD MORTGAGE SERVICES, INC. et al.
(535 SE2d 518)

BARNES, Judge.

Michael B. Butler appeals the trial court's dismissal of his breach of contract action for lack of subject matter jurisdiction, following the defendant mortgage companies' suggestion of bankruptcy. Because the evidence fails to show that Butler's action was preempted by federal bankruptcy law, we reverse. However, we affirm the trial court's grant of an extension of time to respond to Butler's motions for summary judgment, sanctions, and discovery requests.

In 1995, Butler filed a bankruptcy petition, which under 11 USC § 541 automatically stayed any claims against property of his estate. His mortgage company, Household Mortgage Services, Inc., successfully moved the bankruptcy court to lift the stay and began foreclosure proceedings. After Butler paid $18,000 to Household Mortgage, the company stopped its foreclosure proceedings. Subsequently, the company transferred Butler's mortgage to Fleet Mortgage Group, Inc., and after further interaction between the parties, Fleet instituted foreclosure proceedings again in June 1996. Also in June, Butler filed suit against Household Mortgage and Fleet in Fulton Superior Court, alleging they acted in bad faith and were stubbornly litigious in repudiating an alleged agreement to roll over the mortgage arrearage into a new loan. The trial court granted Butler a temporary restraining order, conditioned on his paying into the court registry $34,512 and the monthly mortgage payments as they came due.

After more than 19 months and numerous discovery skirmishes, Fleet filed a "suggestion of bankruptcy" in February 1998, seeking a dismissal based on federal preemption. The suggestion read in its entirety as follows:

COME NOW Household Mortgage Services, Inc. and Fleet Mortgage Group, Inc. and show the court that the Plaintiff is a Debtor in an active, pending bankruptcy case in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, having a case number of A95-62856-SWC.

While the suggestion apparently was accompanied by a brief in support, no brief appears in the record.

Finally, in May 1998, the trial court dismissed the case, in an order that provided in its entirety:

> Defendants have informed the Court that, at the time this action was filed, Plaintiff had pending in United States Bankruptcy Court for the Northern District of Georgia a bankruptcy petition. For this reason this Court has no jurisdiction over the property at issue in this lawsuit. 11 U.S.C. § 541; 28 U.S.C. § 1334. Accordingly, this action is hereby DISMISSED for lack of jurisdiction. Any previous orders issued by this Court are moot and without effect.

1. The U. S. Supreme Court has held that courts should not interpret federal law to preempt state sovereignty unless the language of the federal law clearly compels the intrusion. *Gregory v. Ashcroft*, 501 U. S. 452, 460-461 (II) (A) (111 SC 2395, 115 LE2d 410) (1991); *City of Atlanta v. Watson*, 267 Ga. 185, 192 (3) (475 SE2d 896) (1996).

> The mere existence of a detailed regulatory scheme does not alone imply intent to preempt. However, such intent may be inferred in an area in which federal legislation is especially pervasive or the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject, or because the object sought to be obtained by federal law and the character of obligations imposed by it may reveal the same purpose.

(Citations and punctuation omitted.) *Smith v. Mitchell Constr. Co.*, 225 Ga. App. 383, 384-385 (1) (481 SE2d 558) (1997). In *Smith*, we noted that "bankruptcy-dependent claims should be preempted as coming within the Bankruptcy Code, which provides a comprehensive scheme reflecting a balance, completeness and structural integrity that suggests remedial exclusivity." Id. at 385-386.

The bankruptcy court has jurisdiction over all the debtor's property as of the date the bankruptcy petition is filed. *Labat v. Bank of Coweta*, 218 Ga. App. 187, 189-190 (3) (460 SE2d 831) (1995). However, the bankruptcy court can order the stay lifted to permit an action to proceed against the property. See *Ranger v. First Family Mtg. Corp. &c.*, 176 Ga. App. 715, 716 (5) (337 SE2d 388) (1985).

The bankruptcy court's order lifting the stay determines the scope of actions it is allowing. We have held that a state court lacked jurisdiction to hear a challenge to a consent order lifting the bankruptcy stay, *Cloud v. Ga. Century Credit Union*, 214 Ga. App. 594,

596-597 (3) (448 SE2d 913) (1994), and lacked jurisdiction to hear a claim that a creditor violated the provisions of the bankruptcy court's order lifting the stay. *Stivali v. Aquiport Aylesbury*, 244 Ga. App. 389 (535 SE2d 551) (2000).

In the claim before us, however, Butler does not challenge the bankruptcy court's order lifting the stay, which does not appear in the record. Rather, Butler seeks to challenge the actions of his mortgage holder and its predecessor in repudiating an alleged agreement negotiated during a bankruptcy proceeding. We have held in a foreclosure confirmation appeal that "the automatic stay of 11 USC section 362 acts as a stay of court proceedings but does not deprive the state court of jurisdiction over the matter," affirming jurisdiction in the state court. (Citations and punctuation omitted.) *Shingler v. Coastal &c. Credit Assn.*, 180 Ga. App. 539 (1) (349 SE2d 785) (1986). Once the stay is lifted, state court proceedings can move forward.

The mortgage companies argue that *Shingler* applies only to property that is no longer in the bankruptcy court's estate and in which the bankruptcy court no longer has an interest. However, the bankruptcy court here, according to the mortgage companies' representation to the trial court, has already lifted its stay of proceedings against Butler's property; under the companies' argument, they may proceed against the property while Butler's bankruptcy petition is pending, using state nonjudicial foreclosure proceedings, but Butler may not object to that process until after it is completed. In drafting the bankruptcy code, Congress surely did not intend such a one-sided federal preemption, in which only the creditor, but not the petitioner, may avail itself of state law remedies when the bankruptcy court lifts the automatic stay so that foreclosure proceedings can proceed. Accordingly, the trial court erred in holding that it had no subject matter jurisdiction over this case.

2. Butler also asserts that the trial court erred in granting the mortgage companies' motion to extend their time to respond to Butler's motions for summary judgment, sanctions, and discovery requests. The Civil Practice Act provides that, when an act is required within a specific time, "the court for cause shown may at any time in its discretion[,] . . . upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect. . . ." OCGA § 9-11-6 (b). Butler argues that we must reverse the trial court's order granting the extension of time within which to respond because the court did not explicitly find excusable neglect, citing *Hershiser v. Yorkshire Condo. Assn.*, 201 Ga. App. 185 (1) (410 SE2d 455) (1991). *Hershiser* is distinguishable from the case at bar because it involved the trial court's consideration of a late-filed affidavit supporting a summary judgment motion, in which the party filing the affidavit failed to

request an extension of time within which to file and serve the affidavits.

Butler further cites *Hosley v. Davidson,* 211 Ga. App. 529, 530-531 (1) (439 SE2d 742) (1993) for the proposition that Uniform Superior Court Rule 6.2 does not give the trial court "unfettered authority to excuse late filings." Id. However, we held in *Hosley* that USCR 6.2 gave a trial judge "discretion regarding the period of time by which a party must respond to a motion in a civil case." Id. at 530. We confirmed the trial court's order striking Hosley's responses to requests for admission, concluding that his "failure to comply with the rule's deadline warranted the striking of his response." *Hosley* does not stand for the proposition that the trial court was authorized to exercise its discretion only if appellees made a showing of excusable neglect and the trial court made an explicit finding to that effect.

Further, regarding the mortgage companies' request for extensions of time to respond to Butler's discovery requests and motion for sanctions, trial judges have broad discretion in controlling discovery, and appellate courts will not interfere with a trial court's exercise of that discretion in the absence of abuse. *Daniel v. Corporate Property Investors,* 234 Ga. App. 148 (505 SE2d 576) (1998). We have reviewed the record and find no such abuse here. The trial court did not err in granting the mortgage companies' motion to extend their time to respond to Butler's motions for summary judgment, sanctions, and discovery requests.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED JUNE 7, 2000.

*Michael B. Butler,* for appellant.
*James R. Marshall,* for appellees.