### A01A0471. TEMP-N-AROUND MEDICAL RESOURCES, INC. et al. v. AVONDALE JOINT VENTURE.
(546 SE2d 23)

MIKELL, Judge.

Avondale Joint Venture filed separate dispossessory warrants against Angela White and her corporation, Temp-N-Around Medical Resources, Inc. ("Temp"). White was personally served, both in her individual capacity and as Temp's chief executive officer. White filed a single answer on behalf of herself and the corporation. At trial, judgment was entered against White only. Avondale was granted a writ of possession as well as a money judgment for unpaid rent, late fees and attorney fees.[1] Temp and White appeal. We affirm.

1. Appellants first assert that the trial court erred in allowing the trial to proceed against the corporation because it was not represented by counsel. Appellants argue that *Eckles v. Atlanta Technology Group,* 267 Ga. 801, 803-806 (2) (485 SE2d 22) (1997), requires the trial judge in a court of record to inform corporate officers that a corporation must be represented by an attorney licensed in Georgia. *Eckles* did not foist this responsibility upon the trial judge. Nor did it create a corporate right to counsel. It simply held that only a licensed attorney is authorized to represent a corporation in a court of record. Id. at 805 (2).

We note, however, that the problem the lack of notice of this requirement creates for small business owners was envisioned by

---

[1] In addition, White was ordered to pay rent into the registry of the court pending the outcome of this appeal.

Judge Beasley in *M & M Mobile Homes &c. v. Haralson,* 233 Ga. App. 749 (505 SE2d 249) (1998):

> This case points up a notification problem that may exist post-*Eckles*, if the summons form used when [the corporate officer] was served for [the corporation] is still in vogue. . . . It does not tell a corporate defendant that only a licensed attorney can file an answer on its behalf and represent it in the litigation. The myriad of small corporations out in the marketplace would not know that not even an officer could respond, and that it could not represent itself pro se in a court of law.

Id. at 751-752 (Beasley, J., concurring specially).

In any event, the judgment in this case was entered against White alone, so there is no evidence that the trial proceeded against the corporation. Finally, since Temp is a corporation and can be represented in a court of record only by an attorney, the answer filed by White, insofar as it purported to answer on behalf of the corporation, was defective. *Peachtree Plastics v. Verhine,* 242 Ga. App. 21, 22 (528 SE2d 837) (2000). Therefore, at the time of trial, Temp was in default, which cannot be opened in a dispossessory action. OCGA § 44-7-53 (a); *Johnson v. Housing Auth. of Atlanta,* 198 Ga. App. 816 (403 SE2d 97) (1991).

2. Appellants next argue that the judgment against White in her individual capacity cannot stand because White executed the lease in her capacity as corporate CEO. However, any factual issues surrounding the capacity in which White signed the lease should have been addressed to the trial court, and appellants have failed to show that they raised this contention in the trial court. Accordingly, this enumeration of error is waived. "A party alleging error carries the burden of showing it affirmatively by the record, and when that burden is not met, the judgment is assumed to be correct and will be affirmed." *Boles v. Lee,* 270 Ga. 454, 455 (1) (511 SE2d 177) (1999).

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 22, 2001.

*Kim L. Wallace, E. Duane Jones,* for appellants.
*Wiles & Wiles, Noel J. Cotney, Jr., Susann D. Estroff,* for appellee.