## A04A0372. VICK v. TOWER PLACE, L.P.
### (601 SE2d 348)

MIKELL, Judge.

Jeffrey B. Vick, appearing pro se, appeals the trial court's grant of summary judgment to Tower Place, L.P., in its action against Queit Corporation and Vick to recover payments due under a lease and guaranty. We affirm.

In reviewing the grant of summary judgment to Tower Place, we conduct a de novo review of the evidence.[1] "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law."[2] So viewed, the evidence shows that on May 5, 2000, Tower Place entered a three-year lease agreement ("Lease") with Queit Corporation (the "Corporation"). Two days earlier on May 3, 2000, Vick executed a Guaranty of Payment and Performance of Lease ("Guaranty") to induce Tower Place to enter the lease with the Corporation, which provided for liability not to exceed $57,333 if default occurred more than one year after the commencement date of the Lease. It appears from the record that the Corporation began to withhold its rent payments in September 2001, more than a year after the commencement date of the Lease. Notice of default and demand for payment was sent to the Corporation on November 16, 2001, addressed to Vick's attention. The Corporation failed to cure its default and in response to Tower Place's first request for admissions, admitted that it withheld rent payments from September 2001, through November 2002. The uncontroverted affidavit of Debra Cobbs, Tower Place's senior property manager, averred that the outstanding balance due from the Corporation for those months is $93,083.31 and from Vick under the Guaranty, $57,333.

Tower Place filed its complaint against the Corporation and Vick on November 5, 2002. After receiving the defendants' responses to its interrogatories, request for admissions, and request for production of documents, Tower Place moved for judgment on the pleadings, or in the alternative, for summary judgment against Vick and the Corporation on February 13, 2003, requesting damages of $57,333, plus interest, and $93,083.31, plus interest, respectively.

On March 18, 2003, the defendants moved the court to defer ruling on Tower Place's motion for 60 days so that it could review Tower Place's responses to its discovery, which were eventually

---

[1] *Carter v. Tokai Financial Svcs.*, 231 Ga. App. 755 (500 SE2d 638) (1998).

[2] (Citation and punctuation omitted.) Id.

served on or about April 9, 2003. Tower Place opposed the defendants' motion and moved for a protective order staying discovery, pending the court's ruling on its motion, which the defendants opposed. The trial court granted the motion for protective order, effectively denying the defendants' motion. Vick did not appeal the grant of the protective order.

The trial court granted Tower Place's motions for summary judgment. On appeal, Vick argues only that the trial court erred by ruling on Tower Place's motion for summary judgment before the completion of discovery because by doing so, it denied him due process.[3] We disagree.

1. Pursuant to OCGA § 9-11-56 (a), "[a] party seeking to recover upon a claim . . . may, at any time after the expiration of 30 days from the commencement of the action . . . , move with or without supporting affidavits for . . . summary judgment." Likewise, the trial court is not required to wait until the completion of discovery to rule on a motion for summary judgment, if the case is otherwise ripe for a ruling thereon.[4] Thus, Vick's enumerated errors lack merit.

2. In Vick's reply brief, he argues that summary judgment is precluded because the facts are in dispute in the case. Specifically, that Tower Place violated the implied covenant of good faith and fair dealing, and in refusing to mitigate its damages, acted in bad faith. However, Vick fails to cite authority in support of his argument nor does he cite to the evidence in the record that supports his claim, violating Court of Appeals Rules 27 (c) (2) and (3). "Appellate judges should not be expected to take pilgrimages into records in search of error without the compass of citation and argument."[5] In addition, "it is a basic principle of evidence law that . . . argument is not evidence. On appeal, our review of the evidence is de novo, and if [Vick] disagreed with the [appellee's] version of the facts, he was required to point to specific evidence giving rise to a triable issue of fact,"[6] which he has not done. As there was no dispute here that the lease or the Guaranty existed, that the Corporation defaulted on the Lease in September 2001, more than a year after its commencement, or that

---

[3] In his brief, Vick often asserts arguments on behalf of himself and the Corporation. However, he is not licensed as an attorney, thus, is not authorized to represent the Corporation in a court of record. *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 805 (2) (485 SE2d 22) (1997); *Temp-N-Around Med. Resources v. Avondale Joint Venture*, 248 Ga. App. 231 (1) (546 SE2d 23) (2001).

[4] *Thurmond v. Richmond County Bd. of Ed.*, 207 Ga. App. 437, 439 (1) (428 SE2d 392) (1993).

[5] (Citation and punctuation omitted.) *Rolleston v. Estate of Sims*, 253 Ga. App. 182, 185 (2) (558 SE2d 411) (2001).

[6] (Footnotes omitted.) *City of Atlanta v. Heard*, 252 Ga. App. 179, 182 (1) (555 SE2d 849) (2001).

Vick guaranteed the Lease, summary judgment was appropriate.
*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 13, 2004 —
RECONSIDERATION DENIED JUNE 25, 2004 —

Jeffrey Vick, *pro se.*
*Bodker, Ramsey, Andrews, Winograd & Wildstein, Robert D. Wildstein, Jacob A. Maurer, Finestone, Morris & Wildstein, Stuart Finestone, Macey, Wilensky, Cohen, Wittner & Kessler, Jonathan P. Rotenberg,* for appellee.