## A06A0325. RUDD v. PADEN.
(630 SE2d 648)

PHIPPS, Judge.

This dental malpractice action by Wanda Paden against Sherry Rudd and others is here on interlocutory appeal from the trial court's denial of Rudd's motion for summary judgment. The question is whether the expert affidavit relied on by Paden in opposition to Rudd's motion was sufficient to oppose the motion. We must answer this question in the negative because Paden's expert did not have personal knowledge of the facts of the case and, in forming his opinions, relied on dental records that were neither certified nor sworn. We, therefore, reverse.

Paden filed this action against her primary care dentist, Rudd, and various corporate defendants. To comply with OCGA § 9-11-9.1, Paden filed an expert affidavit executed by Dr. Anthony Captline. To support her defense of nonnegligence, Rudd relied on her own affidavit as an expert. The case moved through discovery without Paden filing any additional expert affidavits.

Rudd moved for summary judgment, arguing that Captline based his opinions on his review of dental records, that the dental records were not in the case record, and that there was no competent evidence of record showing any negligence by her. Paden filed a response to Rudd's motion for summary judgment, relying on Captline's affidavit as originally filed and "[a]ll pleadings and other documents filed in this case." The trial court denied Rudd's motion for summary judgment, ruling that Rudd's and Captline's "diametrically opposed" affidavits created a material issue of fact on the question of Rudd's negligence.

Rudd moved for reconsideration, arguing that Captline's affidavit lacked evidentiary value because Captline did not have personal knowledge of the facts of this case; he based his opinions on his review of dental records; and no dental records, either sworn or certified, had been attached to the affidavit.

In response to the motion for reconsideration, Paden refiled Captline's affidavit with attached dental records that were neither sworn nor certified. At a hearing on the motion for reconsideration, it was established that during discovery Paden had requested certified copies of her dental records from the custodian of the records (co-defendant Jerry E. Nutt, D.D.S., P.C. d/b/a Douglasville Dental Group Practice (Nutt)), but that Nutt had provided her with only copies of the records that were neither sworn nor certified.

The trial court denied Rudd's motion for reconsideration, finding that Nutt's failure to provide Paden with the certified records was unjustified; that the primary purpose of the certification requirement is to provide indicia of reliability to copies of documents the originals of which a party might not be able to easily access; and that Rudd was not harmed by the lack of certification, because she could establish the genuineness of the records through her co-defendant Nutt who was in exclusive control of the original records. The court certified its interlocutory order for immediate review, and we granted Rudd's application for interlocutory appeal.

1. The trial court erred in its initial order denying Rudd's motion for summary judgment.

An affidavit which satisfies the pleading requirements of OCGA § 9-11-9.1 will not necessarily satisfy the evidentiary requirements for summary judgment set forth in OCGA § 9-11-56.[1] To be sufficient to controvert the defendant's expert opinion and create an issue of fact for trial, the plaintiff's expert must base his opinion upon his own personal knowledge or on sworn or certified medical records that are either attached to the affidavit or clearly identified in the record.[2] The requirement that the medical records be sworn or certified is found in OCGA § 9-11-56 (e).[3] "We have reasoned that the certified records requirement 'responds to the question of hearsay as the foundation for an opinion, and conforms to the rule that mere conclusions are not sufficient to create issues of fact.' "[4] We have held that "[a]n expert affidavit is insufficient to oppose a motion for summary judgment if

---

[1] *Turner v. Kitchings*, 199 Ga. App. 860 (406 SE2d 280) (1991).

[2] See *Jones v. Orris*, 274 Ga. App. 52, 56 (2) (616 SE2d 820) (2005); *Hailey v. Blalock*, 209 Ga. App. 345, 347 (2) (433 SE2d 337) (1993); *Bush v. Legum*, 176 Ga. App. 395, 396 (1) (336 SE2d 284) (1985).

[3] E.g., *Bregman-Rodoski v. Rozas*, 273 Ga. App. 835, 836 (616 SE2d 171) (2005).

[4] Id. at 837 (footnote omitted).

the documents on which the affiant relies in forming his opinion are not certified or sworn, even if unsworn copies are attached to the affidavit."[5] In *Hill Aircraft & Leasing Corp. v. Planes, Inc.*,[6] where the expert based his opinion on business records that were not sworn or certified, or authenticated in accordance with the business records statute (OCGA § 24-3-14), we described the affidavit as "hearsay and of no probative value."[7]

In this case, Captline did not have personal knowledge of the facts, and certified copies of the dental records on which he had relied in forming his opinions concerning Rudd's negligence were neither attached to the affidavit nor part of the record. Therefore, Rudd was entitled to summary judgment on the basis of her own expert affidavit. As held in *Kellos v. Sawilowsky*,[8] a malpractice defendant's own affidavit is sufficient to shift the evidentiary burden to the plaintiff and, if insufficiently opposed, to authorize the grant of summary judgment in the defendant's favor.

2. Because Paden's attempt to rectify the deficiency in Captline's affidavit in response to Rudd's motion for reconsideration was too little and too late, the court also erred in denying Rudd's motion for reconsideration.

Under Uniform Superior Court Rule 6.2, a party opposing a motion must file responsive material no later than 30 days after service of the motion "[u]nless otherwise ordered by the judge." A party who fails to comply with Rule 6.2 waives her right to present evidence in opposition to the motion.[9] Although the presence of the conditional language in the rule does give the trial judge discretion regarding the period of time by which a party must respond to a motion,[10] it does not give the court unfettered authority to excuse late filings.[11] In *Hosley v. Davidson*,[12] as here, the party opposing a motion for summary judgment did not file responsive material within the 30-day period required by Rule 6.2. After the 30-day period had expired, the summary judgment opponent requested a retroactive extension. The trial court ruled that it lacked the authority to grant it. We sustained that ruling.

---

[5] *Hailey v. Blalock*, supra (citation and punctuation omitted).

[6] 158 Ga. App. 151 (279 SE2d 250) (1981).

[7] Id. at 154 (3) (B); accord *Lance v. Elliott*, 202 Ga. App. 164, 167 (413 SE2d 486) (1991) and cits.

[8] 254 Ga. 4 (325 SE2d 757) (1985).

[9] *Ackerman & Co. v. Lostocco*, 216 Ga. App. 242, 244 (1) (454 SE2d 792) (1995).

[10] *Kidd v. Unger*, 207 Ga. App. 109, 110-111 (2) (427 SE2d 82) (1993).

[11] *Hosley v. Davidson*, 211 Ga. App. 529, 530-531 (1) (439 SE2d 742) (1993).

[12] Id.

Additionally, however, OCGA § 9-11-6 (b) does provide "that, when an act is required within a specific time, 'the court for cause shown may at any time in its discretion(,) . . . upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect. . . .' "[13]

Here, the trial court, in denying Rudd's motion for reconsideration, did find that Nutt's failure to provide Paden with certified copies of her dental records established excusable neglect for her failure to attach certified copies of the records to Captline's affidavit. That being the case, Paden should have responded to Rudd's motion for summary judgment by invoking OCGA § 9-11-56 (f).[14] It authorizes the court to deny a motion for summary judgment, or order a continuance to permit affidavits to be obtained or discovery to be had, or make such other order as is just, where it appears from the affidavits of a party opposing a motion for summary judgment that he cannot, for reasons stated, present by affidavits facts essential to justify his opposition. Courts applying federal Rule of Civil Procedure 56 (f) have held that "a party who seeks the protection of subdivision (f) must state by affidavit the reasons why he is unable to present the necessary opposing material,"[15] although formal compliance with Rule 56 (f) has not been required as where the party's failure to comply with the rule was excusable.[16] By not filing a timely response to Rudd's motion for summary judgment with an OCGA § 9-11-56 (f) affidavit, Paden waived her right to present such evidence in opposition to the motion under USCR 6.2.[17] She has not shown excusable neglect for having failed to do that. And as the case record continues to stand, the expert affidavit on which Paden relies in opposing Rudd's motion for summary judgment is not supported by dental records that have been sworn, certified, or otherwise authenticated. The affidavit thus amounts to hearsay without probative value. For these reasons, the court erred in denying Rudd's motion for reconsideration.

3. There is no merit in Paden's argument that the court was without authority to rule on Rudd's motion for reconsideration.

Paden bases this argument on the fact that the motion for reconsideration was not filed or ruled on until after the term of court at which the order denying Rudd's motion for summary judgment had been entered. Paden relies on the general rule that "a court cannot set

---

[13] *Butler v. Household Mtg. Svcs.*, 244 Ga. App. 353, 355 (2) (535 SE2d 518) (2000).

[14] See *Herndon v. Mosley*, 257 Ga. App. 495, 496 (2) (571 SE2d 491) (2002); *Larson v. Friedman & Snyder*, 154 Ga. App. 702, 703 (269 SE2d 532) (1980) and cits.

[15] Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2740, p. 397 (1998).

[16] Id. at 403-404, n. 14.

[17] *Ackerman & Co. v. Lostocco*, supra.

aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during the term."[18] Paden's reliance on this rule is misplaced, as the order denying Rudd's motion for summary judgment was not a final judgment. Rather, it was an interlocutory order that remained within the breast of the court until entry of final judgment.[19]

*Judgment reversed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED APRIL 28, 2006 — 

*Hall, Booth, Smith & Slover, Jonathan Marigliano, Shaun Daugherty, Carlock, Copeland, Semler & Stair, Matthew G. McLaughlin*, for appellant.

*Michael B. King*, for appellee.

---

[18] *Young Constr. v. Old Hickory House # 3*, 210 Ga. App. 559, 561-562 (2) (b) (436 SE2d 581) (1993) (citations and punctuation omitted).

[19] *Wade v. Whalen*, 232 Ga. App. 765, 769 (3) (504 SE2d 456) (1998).