A06A0689. SMYRNA DEVELOPMENT COMPANY et al.
v. WHITENER LIMITED PARTNERSHIP et al.
(635 SE2d 173)

BERNES, Judge.

Appellants Smyrna Development Company ("SDC") and James D. Cunningham appeal from the October 10, 2005 order of the Cobb County Superior Court resolving several motions in this case. Appellants contend that the trial court erred by granting appellees' motion for default judgment against SDC; granting appellees' motion for summary judgment against Cunningham; and denying appellants'

---

motion for an extension of time to respond to the summary judgment motion and to conduct additional discovery. For the reasons discussed below, we affirm.

The record shows that appellant SDC entered into a purchase and sale agreement for a 4.37 acre tract of land from appellees Muriel and Shawn Whitener. Appellees contend that they were ready, willing and able to sell the property to SDC, but that SDC failed or refused to take any affirmative steps to close the sale, including failing to deposit the earnest money and initiate the rezoning proceedings as required and contemplated under the agreement. Appellees further contend that instead of proceeding to closing, SDC and its president, Cunningham, filed a lien that impugned appellees' title to the property and commenced a frivolous federal lawsuit asserting claims of conspiracy and fraud against appellees and others allegedly involved in the transaction.

Based on these allegations, appellees filed the instant lawsuit requesting a declaratory judgment that the agreement and lien were null and void and seeking damages under a claim for libel concerning title to land. Appellees subsequently filed a motion for default judgment against SDC on August 11, 2005.[1] On August 26, 2005, appellees moved for summary judgment against both appellants.

Thereafter, appellants retained counsel, who filed an amended answer, defenses and counterclaim on behalf of both appellants. Appellants also filed a motion for an extension of time to respond to the motion for summary judgment and to conduct additional discovery. Appellants otherwise never responded to the summary judgment motion.

Following a hearing, the trial court entered its order granting appellees' motion for a default judgment against SDC, granting appellees' motion for summary judgment against both appellants, and denying appellants' motion for an extension of time. Appellants now appeal.

1. Appellant SDC contends that the trial court erred in granting a default judgment against it. Significantly, however, the trial court also granted summary judgment against SDC, which has not been enumerated as error.[2] Furthermore, even though buried in appellants' brief is the assertion (without citation to the record or to legal

---

[1] Appellees' motion for default judgment against SDC was based upon the fact that the corporation's original answer was filed by Cunningham, its president, who is not licensed to practice law, and thus, was not authorized to represent and file pleadings on behalf of the corporation in a court of record. See *Temp-N-Around Med. Resources v. Avondale Joint Venture*, 248 Ga. App. 231, 232 (1) (546 SE2d 23) (2001); *Peachtree Plastics v. Verhine*, 242 Ga. App. 21, 22 (528 SE2d 837) (2000).

[2] The appellants' brief only enumerates as error the grant of summary judgment against Cunningham individually.

authority) that there were "abundant issues of material fact" precluding the grant of summary judgment against SDC, "[a] party cannot expand his enumerations of error through argument or citation in his brief." (Citation and punctuation omitted.) *Robertson v. State*, 277 Ga. App. 231, 233 (1), n. 5 (626 SE2d 206) (2006). See also *Felix v. State*, 271 Ga. 534, 539, n. 6 (523 SE2d 1) (1999); *Rolleston v. Cherry*, 226 Ga. App. 750, 753 (1) (a) (487 SE2d 354) (1997); *DeKalb County v. Lenowitz*, 218 Ga. App. 884, 887 (1) (463 SE2d 539) (1995). Accordingly, we conclude that SDC has waived and abandoned any argument that the trial court's grant of summary judgment against it was erroneous. SDC's enumeration of error concerning the grant of default judgment, therefore, is moot.

2. Cunningham enumerates as error the grant of summary judgment against him individually. As the sole basis for his claim of error, Cunningham relies upon the statement of appellees' counsel at the motion hearing that "[w]e really have no claims of relief against [Cunningham]," as an admission in judicio. But, appellees' counsel otherwise explained that although Cunningham was not a party to the contract, he was named as a defendant because he had previously filed a federal lawsuit asserting an interest in the disposition of the issues presented in this case. Since Cunningham had asserted an adverse claim based upon the transaction, he was an interested party within the meaning of the declaratory judgment statute and was subject to the declaratory relief sought in the complaint. See OCGA § 9-4-2 (a); *Hobgood v. Black*, 144 Ga. App. 448, 448-449 (2) (241 SE2d 60) (1978). Furthermore, the complaint also included a separate cause of action for libel against Cunningham based on his alleged efforts to impugn appellees' title to the property, and it is clear from the record that the statement of appellees' counsel at the motion hearing was not intended as a concession of a lack of evidence on this separate claim. Hence, Cunningham's argument is without merit, and we affirm the trial court's grant of summary judgment against him individually.[3]

3. Appellants further contend that the trial court erred in denying their motion for an extension of time to respond to the motion for summary judgment and to conduct additional discovery. We disagree.

---

[3] Cunningham has raised no other arguments for why the grant of summary judgment against him was erroneous. We decline to "address any other issues that might be lurking in the record but are not specifically supported in the brief by argument and citation to authority." *Collins v. Newman*, 237 Ga. App. 861, 862 (1) (517 SE2d 100) (1999). See also *Sharp v. Greer, Klosik & Daugherty*, 256 Ga. App. 370, 372 (2) (568 SE2d 503) (2002) ("It is not the function of this court to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record.") (citation and punctuation omitted).

"Pursuant to OCGA § 9-11-56 (a), a party seeking to recover upon a claim may, at any time after the expiration of 30 days from the commencement of the action, move with or without supporting affidavits for summary judgment." (Punctuation omitted.) *Vick v. Tower Place*, 268 Ga. App. 108, 109 (1) (601 SE2d 348) (2004). Thus, the civil practice rules contemplate that a summary judgment motion may be filed and ruled upon prior to the completion of discovery. Id.

Under Uniform Superior Court Rule 6.2, the party opposing a summary judgment motion has 30 days to file a response "[u]nless otherwise ordered by the judge." See *Hosley v. Davidson*, 211 Ga. App. 529, 530-531 (1) (439 SE2d 742) (1993). The conditional language of the superior court rule "clearly gives the trial judge discretion regarding the period of time by which a party must respond to a [summary judgment] motion." (Citation and punctuation omitted.) Id. at 530 (1). However, OCGA § 9-11-56 (f) requires that in order to extend the time to respond to a summary judgment motion so that additional discovery may be had, the party opposing the motion must file an affidavit explaining why "he cannot . . . present by affidavits facts essential to justify his opposition" and therefore needs time to conduct or obtain additional discovery. *Rudd v. Paden*, 279 Ga. App. 141, 143-144 (2) (630 SE2d 648) (2006).

Here, appellants' motion for an extension of time to respond to summary judgment and conduct additional discovery failed to set forth any specific reasons why additional time was necessary and failed to include the affidavit required under OCGA § 9-11-56 (f). Appellants did not explain what facts they planned to gather if the trial court granted additional time to conduct discovery and respond to summary judgment. Furthermore, appellants never filed an affidavit of Cunningham describing his version of events and never explained why such an affidavit would have been insufficient for opposing summary judgment. Under these circumstances, the trial court acted within its discretion in declining to grant the requested extension of time. See *Butler v. Household Mtg. Svcs.*, 244 Ga. App. 353, 355 (2) (535 SE2d 518) (2000); *Labat v. Bank of Coweta*, 218 Ga. App. 187, 188-189 (1) (460 SE2d 831) (1995).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JULY 11, 2006 —
RECONSIDERATION DENIED JULY 28, 2006

*Ted B. Herbert*, for appellants.

*Balch & Bingham, Michael J. Bowers, T. Joshua R. Archer*, for appellees.