**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 9, 2017**

# In the Court of Appeals of Georgia

A16A1595. BROCK et al. v. RES-GA SCL, LLC.

A16A1596. BARBEE v. RES-GA SCL, LLC.

A17A0168. RES-GA SCL, LLC v. BROCK et al.

McMILLIAN, Judge.

The dispositive issue in these related appeals is whether the trial court exceeded its authority by setting aside and re-entering orders dismissing plaintiff RES-GA SCL, LLC's ("RES-GA") fraudulent transfer claims against defendants Shelley A. Brock ("S. Brock"), The 2007 Brock Family Trust, AOBAtlanta, LLC, and Zeb Barbee (hereinafter collectively "defendants"),[1] which started the clock running anew and provided RES-GA with another opportunity to timely appeal the dismissal

---

[1] Other defendants were also named in the original fraudulent conveyance complaint, but the parties listed above are those named in the notices of appeal filed in Case Nos. A16A1595 and A16A1596.

orders. As more fully set forth below, we now reverse in Case Nos. A16A1595 and A16A1596 and dismiss in Case No. A17A0168.

The following facts are pertinent to our analysis. In July 2014, RES-GA obtained a judgment in excess of $18,000,000 against, inter alios, Thomas Brock ("T. Brock") under the terms of a personal guaranty of a commercial loan that had been assigned to RES-GA.[2] In February 2015, RES-GA filed a complaint against T. Brock and others, including the defendants named herein,[3] seeking to set aside certain transactions as fraudulent conveyances under the Georgia Uniform Fraudulent Transfers Act, OCGA § 18-2-70.[4] The fraudulent transfer defendants filed motions to dismiss, asserting among other things that RES-GA lacked standing to challenge those allegedly fraudulent transfers that were made before it was assigned an interest

---

[2] A more complete version of the circumstances surrounding the loan is set out in *RES-GA SCL, LLC v. Stonecrest Land, LLC*, 333 Ga. App. 289 (776 SE2d 489) (2015), in which we affirmed the judgment against T. Brock and the borrower.

[3] The defendants in the fraudulent transfer case, including those not parties on appeal, will be collectively referred to as "fraudulent transfer defendants."

[4] We will refer to the operative provisions of the UFTA as they existed at the time the complaint was filed, while noting that the UFTA was amended effective July 1, 2015 and is now called the Uniform Voidable Transactions Act ("UVTA"). See Ga. L. 2015, p. 996, § 4A-1.

in the loan or debt,[5] and on the basis that RES-GA had failed to obtain the necessary certificate of authority to transact business in Georgia. See OCGA §§ 14-11-702 & 14-11-711.

On July 16, 2015, the trial court entered an order dismissing the fraudulent-conveyance claims for transfers that occurred before RES-GA was assigned an interest in the debt on October 18, 2010. The trial court also found that RES-GA was barred from seeking to set aside a post-assignment transfer that occurred on April 6, 2011, because it had not yet obtained a certificate of authority to transact business in Georgia, but deferred dismissing any such claim for 30 days to give RES-GA an opportunity to provide the court with documentation that it was certified to transact business in Georgia. RES-GA sought a certificate of immediate review from the July 16 order, but the trial court denied RES-GA's request on July 27, 2015. However, RES-GA also filed a notice of direct appeal from the trial court's July 16 order on July 24, 2015.

---

[5] In Georgia fraud claims generally are not assignable, and this Court has held that an assignee of a debt is precluded from pursuing a fraudulent transfer claim under the pre-2015 version of the UFTA. See *RES-GA Hightower, LLC v. Golshani*, 334 Ga. App. 176, 180 (1) (a) (778 SE2d 805) (2015). However, as further noted in *Golshani,* under the 2015 amendments, assignees and successors to debt may pursue fraudulent transfer claims under the amended UFTA, now referred to as the UVTA. Id. at 180-81 (1) (b).

RES-GA did not provide the necessary proof of its authority to transact business in Georgia, and on August 31, 2015 and September 1, 2015, the trial court entered a series of orders dismissing with prejudice the remaining fraudulent transfer claims, which constituted a final disposition in the case.[6] Significantly, RES-GA did not file a notice of appeal from any of the final dismissal orders, and on October 5, 2015, defendants, inter alios, filed a motion to dismiss the July 24 notice of appeal on the basis that the order being appealed was not final and the trial court had denied RES-GA's request for a certificate of immediate review. On December 23, 2015, the trial court dismissed the July 24, 2015 notice of appeal as premature. However, at the same time, the trial court also sua sponte entered a separate order setting aside the final dismissal orders and reentering those orders as of that date.

On January 20, 2016, defendants S. Brock, The 2007 Brock Family Trust, and AOBAtlanta, LLC filed a notice and corrected notice of appeal from the portion of the December 23, 2015 order setting aside and reentering the final dismissal orders, and that appeal was docketed in this Court as Case No. A16A1595; appellee Zeb Barbee filed a separate notice of appeal from the December 23, 2015 order, and that appeal has been docketed in this Court as Case No. A16A1596. On December 28,

___

[6] These orders will be collectively referred to as the "final dismissal orders."

4

2015, RES-GA filed a notice of appeal challenging the substantive rulings of the trial court on the issues of the assignability of the fraudulent transfer claims and the need for a certificate of authority as a prerequisite to pursuing its fraudulent transfer claim, and that appeal has been docketed in this Court as Case No. A17A0168.[7]

*Case Nos. A16A1595, A16A1596*

1. Defendants[8] argue that the trial court lacked the authority sua sponte to set aside and reenter the final dismissal orders after the expiration of the term of court in which they were entered. On the other hand, RES-GA asserts that the filing of the July 24, 2015 notice of appeal acted as a supersedeas, and the dismissal orders entered while that notice was pending were without legal effect, a nullity and void, and thus could be set aside by the trial court at any time.

Generally speaking, in civil actions a trial court, upon the filing of a notice of appeal, loses jurisdiction to modify or enforce a judgment which is the subject of the appeal during the period of supersedeas, and only those matters which are

---

[7] RES-GA filed its notice of appeal to the Supreme Court of Georgia, but that Court transferred the appeal to us; that appeal has been docketed to the December 2017 term of court.

[8] "Defendants" as used here refers only to those fraudulent transfer defendants who have filed notices of appeal from the trial court's order.

5

independent of and distinct from the judgment on appeal remain within the jurisdiction of the trial court. OCGA § 5-6-46; *Davis v. Harpagon Co.*, 281 Ga. 250 (8) (637 SE2d 1) (2006). Thus, an order about the same subject matter after the trial court has lost jurisdiction to the appellate court is void and without effect and can be set aside at any time. See OCGA § 9-12-16 ("The judgment of a court having no jurisdiction of the person or the subject matter or which is void for any other cause is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it."); see also *James v. Intown Ventures, LLC*, 290 Ga. 813, 816 (2) (725 SE2d 213) (2012) ("[U]nder Georgia law, a judgment alleged to be void for lack of personal or subject matter jurisdiction may be attacked in any court, by any person, at any time. OCGA § 9-11-60 (a) and (f)").

However, as defendants contend, the final dismissal orders in this case are not void. As our Supreme Court recently explained, a notice of appeal does not act as a supersedeas when a party attempts to appeal an interlocutory order but fails to follow the requirements for obtaining interlocutory review set out in OCGA § 5-6-34 (b), which includes obtaining a certificate of immediate review from the trial court and an order from the appellate court granting the appeal. *Islamkhan v. Khan*, 299 Ga. 548, 550-51 (2) (787 SE2d 731) (2016). And, as the Court in *Islamkhan* went on to

6

explain, because a notice of appeal filed from an interlocutory order without first complying with the requirements for obtaining interlocutory review is without legal effect, no action need be taken to prevent supersedeas from attaching, such as dismissing the notice of appeal, and the filing of the notice does not divest the trial court of jurisdiction, even to modify or enforce the order that is the subject of the ineffective appeal. Id. at 551-52 & n.7. Here, there is no question that the July 16, 2015 order was interlocutory and the attempted faulty appeal from that order was thus ineffective to convey jurisdiction to this Court. Accordingly, the trial court's orders entered on August 31, 2015 and September 1, 2015, were not void and did exactly what they purported to do, which was act as final orders dismissing all of RES-GA's remaining claims. E.g., *Levingston v. Crable*, 203 Ga. App. 16, 18 (416 SE2d 131) (1992). ("A judgment is final when it disposes of the entire controversy, leaving nothing for the trial court to do in the case.").

The question then is whether the trial court had the authority to set aside and reissue these valid orders more than two terms after they were entered. "[T]he general rule [is] that a 'court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless [a] proceeding for that purpose was begun during the term.' *Young Constr. v. Old Hickory House # 3*, 210 Ga. App. 559, 561-62

7

(2) (b) (436 SE2d 581) (1993)." *Rudd v. Paden*, 279 Ga. App. 141, 144-45 (3) (630 SE2d 648) (2006). Here, the final dismissal orders were entered in the July term of court, and were not set aside until two terms later, in the November term of court. See OCGA § 15-6-3 (3) (Fulton Superior Courts has six terms, beginning the first Monday in January, March, May, July, September, and November). Accordingly, the trial court had the authority to vacate the final dismissal orders only if a proceeding seeking to set aside the orders was instituted during the term in which they were entered. RES-GA argues that its response to the appellants' motion to dismiss the appeal should be considered such a proceeding because in that response RES-GA contended that if the appeal was not valid, the orders should be reentered. But RES-GA at all times maintained that the orders were void, that the trial court was divested of jurisdiction to enter the orders even if RES-GA's attempt to appeal was ineffective, and has never contended that the orders were valid but should be set aside for some other reason. Nor has RES-GA ever filed a motion to set aside, vacate, or reenter the orders, and RES-GA's response to the motion to dismiss appeal did not constitute a proceeding to set aside the valid dismissal orders. Indeed, the trial court's December 23, 2015 order setting aside those orders recites that RES-GA had not made a formal motion to set aside, and that the court was acting sua sponte.

8

Because the trial court had no authority to set aside and reenter the August 31, 2015 and September 1, 2015 dismissal orders outside the term in which they were entered, the subsequent December 23, 2015 reentered orders are null and void, and the August 31, 2015 and September 1, 2015 final dismissal orders must be reinstated. *Tanaka v. Pecqueur*, 268 Ga. App. 380, 381-82 (1) (601 SE2d 830) (2004); see also the *Levin Co. v. Walker* 289 Ga. App. 299 (656 SE2d 588) (2008).

*Case No. A17A0168.*

2. RES-GA did not attempt to appeal the August 31, 2015 and September 1, 2015 final dismissal orders, and any appeal from those orders is now time barred. See OCGA § 5-6-38 (a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . ."). And although RES-GA did file a notice of appeal from the December 23, 2015 reentered dismissal orders, those orders were void, and any appeal from that order was ineffective. See *Bryan v. Brown Childs Realty Company, Inc.*, 236 Ga. App. 739, 742 (2) (513 SE2d 271) (1999). Thus, we are without jurisdiction to entertain the appeal in Case No. A17A0168, and it is accordingly dismissed.

*Judgments reversed in Case Nos. A16A1595 and A16A1596. Appeal dismissed in Case No. A17A0168. Miller, P. J., and McFadden, P. J., concur.*

9